14044

WANNAMAKER *ET AL.* v. SOUTH CAROLINA STATE BANK *ET AL.*

(179 S. E., 896)

138

144

*Mr. J. A. Merritt,* for appellant,

*Mr. William C. Wolfe,* for respondents,

Mr. T. A. Houser as guardian *ad litem* for infant defendants.

April 15, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

W. W. Wannamaker, late of Calhoun County, by his will created a trust fund of which the Home Bank of St. Matthews was made trustee; when this bank suspended and ceased to operate, the South Carolina State Bank was substituted as trustee. By the terms of the trust, the proceeds arising from the trust funds shall be annually divided among his children during their lifetime, and at the death of the last of them, the *corpus* of the estate to be divided among the children of the life tenants.

The purpose of this action is to procure the order of the Court for the payment to the remaindermen of a certain part of the *corpus* of the estate. The complaint sets forth the grounds of the alleged necessity of breaking into the *corpus* of the trust fund.

The case was referred to L. Marion Gressette, Esq., who took the testimony and filed an elaborate and able report, recommending that the prayer of the complaint be granted.

Exceptions to this report were heard by Judge Shipp, who confirmed the report except as to its recommendation in favor of Idella K. Wannamaker.

The appeal by the South Carolina State Bank and Idella K. Wannamaker is from that order.

The cardinal and controlling issues made by the exceptions are these:

Is the remainder to the grandchildren of the testator vested, or contingent?

Was there necessity for the invasion of the *corpus* of the trust fund?

The language of the will creating the remainders is in these words: "5. The rest and residue of my personal property of every kind and nature whatsoever, I give to the Home Bank of St. Matthews, South Carolina, In Trust Nevertheless, that all the said funds and values thereof shall be invested in safe securities and the proceeds arising from such investment to be equally divided between my said children for and during the terms of their natural lives, and in the event of the death of any of my said children, then their respective share of such proceeds to go to their children, if any, and in case of the death of any child without leaving children or lineal descendants, their respective shares to be equally divided among the survivors of them. This Trust to remain of force until the death of all my said children, and then to their children or lineal descendants, forever, such lineal descendants to take *per stirpes* and not *per capita."*

The Special Referee held that the remainder was a vested one, and in this the Circuit Judge concurred.

The always interesting, and always difficult of solution, question of remainders, has been elaborately and learnedly treated by textwriters, reference books, and Courts. The compendium of the law on the subject, in so far as the Courts of this jurisdiction are concerned, has been compiled and declared by three learned jurists of this Court.

In the case of *Faber v. Police,* 10 S. C., 376, 387, Mr. Chief Justice McIver said: "According to the elementary writers a vested remainder is one which is limited to an ascertained person in being, whose right to the estate is

fixed and certain, and does not depend upon the happening of any future event, but whose enjoyment in possession is postponed to some future time. A contingent remainder, on the other hand, is one which is limited to a person not in being or not ascertained; or if limited to an ascertained person, it is so limited that his right to the estate depends upon some contingency in the future."

In the case of *Walker v. Alverson*, 87 S. C., 55, 68 S. E., 966, 967, 30 L. R. A. (N. S.), 115, Mr. Associate Justice Hydrick said: "The law favors the vesting of estates at the earliest time possible; and no remainder will be construed to be contingent which may consistently with the intention be deemed vested. 4 Kent, 195. 'Whenever there is a doubt as to the quantity of the estate devised, or whether it is vested, the rule is to presume that the testator intended to give an absolute rather than a qualified estate, and a vested rather than a contingent interest; and even where the words import a contingency, but do not create a condition precedent, they give a vested interest to the devisee, subject, however, to be divested if the contingency should not happen.' Citing *Smith v. Hillard*, 3 Strob. Eq. [211] 223, 224."

In the case of *Avinger v. Avinger*, 116 S. C., 125, 107 S. E., 26, 28, Mr. Associate Justice Cothran, in his concurring opinion, concurs with the quoted utterances of Mr. Chief Justice McIver in *Faber v. Police, supra,* and Mr. Associate Justice Hydrick in *Walker v. Alverson, supra,* and adds this: "A further essential element is that the person, to take in remainder, must be an ascertained person, in being at the time of the creation of the remainder. There is some diversity of opinion in the authorities whether or not this requirement is fulfilled where the remainder constitutes a class, such as heirs, children, etc., and one case particularly in this state appears to take the negative view of this question. *Lemmon v. McElroy*, 113 S. E. [532], 537, 101 S. E., 852. The overwhelming weight of authority in this state,

however, in my opinion, sustains the affirmative." Citing numerous authorities from this State.

Guided by the opinions of these eminent jurists of our own Court, and applying them to the present case, we are compelled to the view that the remainder here under consideration is a vested one.

The record does not contain in full the will of the testator, nor does it contain the testimony taken by the Special Referee and reported to the Circuit Court. This Court, therefore, has nothing upon which it may found an independent opinion whether there was necessity sufficient for invading the *corpus* estate. However, the Special Referee and the Circuit Judge have concurred in the finding of fact that such necessity did exist and this Court will not interfere with the finding.

There is no doubt that Courts of equity may in proper cases interfere with the disposition and employment of trust estates and trust funds, but the Court takes occasion to emphasize the admonition, heretofore given, that such power of the Court should be exercised only in cases of real necessity.

The report of the Special Referee contains the following recommendation: "In this connection as special matter, I would also respectfully recommend that the trustee be authorized and directed to invest upon the approval of the Court the trust funds at a higher rate of interest than five per centum per annum. It is highly probable that such funds could be safely invested at a rate of seven per centum interest."

This recommendation was confirmed by the decree of the Circuit Judge.

This Court thinks such action was going beyond the power of the Court to interfere with the management of the trust funds by the trustee.

True, it is the duty of the trustee to so invest the funds as to obtain the highest rate therefrom—*consistent with*

*safety.* Such investment must be left to the judgment of the trustee, subject, of course, to the revision of the Court if occasion therefor be shown.

The decree of the Circuit Judge is reversed in this particular; in all other respects it is affirmed.

MR. JUSTICE CARTER and MESSRS. ACTING ASSOCIATE JUSTICES WM. H. GRIMBALL and G. B. GREENE concur.

MR. CHIEF JUSTICE STABLER did not participate in the decision of this case.