### 0491

M. Ivada GERMANN, Individually and as Executrix of the Estate of Frederick G. Germann, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.

(331 S. E. (2d) 385)

Court of Appeals

---

*Gary R. Lamberson* and *Ronald A. Schneider*, Charleston Heights, *for appellant.*

*Thomas S. Tisdale* and *Carol B. Ervin*, of *Young, Clement, Rivers & Tisdale*, Charleston, *for respondent.*

Heard April 17, 1985.

Decided June 6, 1985.

SHAW, Judge:

Ivada Germann brought this action for damages against New York Life Insurance Company for alleged refusal to pay benefits due under three insurance policies on the life of her late husband, Frederick G. Germann. The total face amount of the policies is $3100. Mrs. Germann's complaint stated

causes of action for (1) bad faith refusal to pay benefits due under a contract of insurance, (2) outrage, and (3) conversion. She sought $750,000 actual and punitive damages. The circuit court entered summary judgment for New York Life. Mrs. Germann appeals. We affirm.

Although Germann asserts several issues are in dispute, her appeal presents only one underlying question: whether a trust of the insurance proceeds which was created by trust agreements between Mr. Germann and New York Life has been terminated by the consent of the beneficiaries.

The following material facts are not disputed.

New York Life issued three life insurance policies to Frederick G. Germann effective February 27, 1939, February 27, 1940, and May 27, 1940. Mr. Germann thereafter appointed New York Life trustee under certain trust agreements which specified the method of payment of the insurance proceeds upon his death. Mr. Germann died in 1981.

Upon the death of Mr. Germann, the trust agreements provide for the proceeds of the insurance policies to be held as a trust fund. The trustee, New York Life, is directed to make installment payments to Mrs. Germann of $125 monthly during her life until the trust fund is exhausted. Upon Mrs. Germann's death, any funds remaining in the trust are to be paid to the Germanns' two children in a lump sum. The trust agreements further state:

> The benefits under said Trust shall not be transferable nor subject to commutation or incumbrance, nor except in an action to recover for necessaries shall said Company, as Trustee, or otherwise, pay or be liable to pay any benefits under said Trust to any person, firm or corporation, except to said Beneficiary personally.

> \* \* \*

> [T]he proceeds of a life insurance policy . . . left with the insurance company under a trust . . . shall not be transferable nor subject to commutation or incumbrance, nor to legal process except in an action to recover for necessaries.

After Mr. Germann's death, New York Life began making monthly installment payments to Mrs. Germann as directed by the trust agreements. However, Mrs. Germann desired to

have the proceeds of the three life insurance policies paid to her in a lump sum. New York Life refused to make a lump sum payment on the ground that it was bound as trustee to pay the funds as directed by the trust agreements. In November 1981, Mrs. Germann's two children executed affidavits renouncing any and all interests they had or might acquire under the insurance policies and trust agreements. This suit followed.

## I.

Mrs. Germann argues the trust has been terminated because the purpose of the trust no longer exists and the beneficiaries of the trust have consented to its termination.

The trust agreements here in question manifest the settlor's purpose to provide an income stream for Mrs. Germann personally during her lifetime. She is given a beneficial life estate in the trust fund, but prohibited from anticipating income by assignment, commutation, or pledge. Moreover, the trust instruments manifest the settlor's intention to place her equitable interest in the trust fund beyond the reach of any creditors.

A trust creating an equitable interest in the trust estate for the life of the beneficiary and restricting him from anticipating or alienating, either voluntarily or involuntarily, his interest in the trust is a spendthrift trust. See McLean v. McLean, 273 S. C. 571, 257 S. E. (2d) 751 (1979); Albergotti v. Summers, 203 S. C. 137, 26 S. E. (2d) 395 (1943); Restatement (Second) of Trusts § 152(2) (1959); cf. In re Vought's Estate, 25 N. Y. (2d) 163, 250 N. E. (2d) 343, 303 N. Y. S. (2d) 61, rehearing denied, 25 N. Y. (2d) 959, 252 N. E. (2d) 864, 305 N. Y. S. (2d) 1027 (1969). As a general rule, a spendthrift trust cannot be terminated by mere agreement of the life beneficiary and the remainder beneficiaries, since to do so would defeat a material purpose of the trust. See Blackwell v. Virginia Trust Co., 177 Va. 299, 14 S. E. (2d) 301 (1941); In re Wentworth, 230 N. Y. 176, 129 N. E. 646 (1920); In re Knauss' Estate, 204 Misc. 207, 121 N. Y. S. (2d) 5 (N. Y. Surr. 1953); Restatement (Second) of Trusts § 337 comment l (1959); 4 Scott on Trusts § 337.2 (3d ed. 1967).

The purpose of this trust is to provide Mrs. Germann with an income stream for her life or until the trust fund is exhausted. That purpose has not, as she argues, ceased to exist. Since there is still a material purpose of the trust to be accomplished, the circuit court correctly refused to hold the trust has been terminated. *See Piegler v. Jeffries*, 128 S. C. 254, 121 S. E. 783 (1924) (beneficiary of life estate may not terminate trust by consent where declaration of trust shows such result not intended to be); *Kirkland v. Mercantile-Safe Deposit & Trust Co. of Baltimore*, 218 Md. 17, 145 A. (2d) 230 (1958).

## II.

Mrs. Germann attempts to evade the provisions of the trust agreements by arguing that the court should look behind the language of the instruments to ascertain the settlor's purpose in creating the trust. She claims genuine issues of fact exist as to the purpose of the trust, making summary judgment inappropriate. We reject this argument.

As she herself admits, the interpretation and effect of the trust agreements is at issue in this appeal. In ascertaining the settlor's intent, a court must resort first to the language of the instrument, and if the language is perfectly plain and capable of legal construction, the language determines the form and effect of the instrument. *Chiles v. Chiles*, 270 S. C. 379, 242 S. E. (2d) 426 (1978). If the intention of the settlor appears on the face of the agreement, then the court will effectuate it, unless it is in conflict with principles of law. *Citizens & Southern National Bank of South Carolina v. Auman*, 259 S. C. 263, 191 S. E. (2d) 511 (1972). In such circumstances, construction of the trust instrument is a question of law and the court should not resort to extrinsic evidence to determine the purpose of the trust. *See Davison v. Duke University*, 282 N. C. 676, 194 S. E. (2d), 761, 57 A.L.R. (3d) 1008 (1973); *Chiles v. Chiles, supra.*

Additionally, we observe that Mrs. Germann adduced no competent evidence to provide a purpose of the trust other than that expressed in the trust agreements. Her sole proof in the record before us is a conclusory statement in the affidavits of her two children that "the purpose for which these Trust Agreements were originally

executed no longer exists." A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment. *See Whitner v. Duke Power Co.*, 277 S. C. 397, 288 S. E. (2d) 389 (1982).

For the reasons stated, the judgment of the circuit court is

Affirmed.

SANDERS, C. J., and BELL, J., concur.