2001

Richard P. SARLIN, Personal Representative and Testamentary Trustee under the Last Will and Testament of Irving Q. Sarlin, Appellant, v. Janet H. SARLIN, Respondent.

(430 S.E. (2d) 530)

Court of Appeals

*James C. Harden, III,* of *Kennedy, Covington, Lobdell & Hickman,* Rock Hill, *for appellant.*

*Charles S. Bradford,* of *Spratt, McKeown & Bradford,* York, *for respondent.*

Heard March 23, 1993.

Decided May 3, 1993.

GARDNER, Judge:

Janet H. Sarlin (Sarlin) brought a declaratory judgment action against Richard P. Sarlin (the Trustee) seeking to have the trial court construe the trust provisions of the will of her husband, Irving Sarlin (the decedent). She also asked the court to determine whether the Trustee had violated his fiduciary duties under the will. The action was removed from probate court and tried before Judge McLeod who found in favor of Sarlin. The Trustee appeals. We affirm.

## FACTS

The decedent died on August 15, 1987, in York County. The decedent and Sarlin were married for almost thirty years. There is undisputed evidence of record that Sarlin and the decedent had a stable marriage. The Trustee and personal representative is the son of the decedent and the stepson of Sarlin.

The decedent's will provided that the residue of his estate be held in a trust for Sarlin for life and upon her death the remainder to be divided between the Trustee and the Trustee's two children. Sarlin received no income from the trust prior to April 15, 1989. From April 15, 1989, until October of 1990, she received seven quarterly disbursements from the trust fund, totalling $1,575. She also received $1,859 for medical expenses. From March 11, 1988, until November of 1990, the

trustee disbursed $11,300 to himself for trustee fees.[1] The trust was originally funded with assets valuing $100,248.14, which dropped to $66,239.98 by 1991. Sarlin testified that she has experienced a significant change of lifestyle, due to her decline in income, since her husband's death.

The trial court held: (1) that the Trustee had violated his fiduciary duties; (2) that the decedent intended that income payments to Sarlin be mandatory; (3) that the will was ambiguous with respect to the extent of income to be provided to Sarlin; and (4) that Sarlin was entitled to sufficient income from the trust to allow her to maintain the same standard of living which she and her husband had enjoyed.

## DISCUSSION

The Trustee contends, among other collateral issues, that the trial court erred in determining that the trust created a latent ambiguity in regard to how much and how frequently income must be paid to Sarlin from the trust. The Trustee argues that the trust provision, article six, is not ambiguous and clearly gives him discretion to disburse whatever income from the trust funds he deems appropriate. We disagree.

Article six of the trust reads:

> All the rest, residue and remainder of the property which I may own at the time of my death, . . . I direct it be placed in trust for the benefit of my wife, JANET H. SARLIN. I hereby direct that my Trustee, hereinafter named, shall provide from the income of said trust for the care, maintenance, health, and welfare of my wife, JANET H. SARLIN, with the right to invade the principal of said trust for those purposes of [sic] my Trustee deems necessary, without the intervention or consultation of anyone.

In ascertaining the settlor's intent, this Court must resort first to the language of the trust instrument, and if the lan-

---

[1] In regard to Trustee fees the trust provided:

I hereby direct that my Executor and my Trustee be paid for their services at the rate of $60.00 per hour, in each capacity. There shall be no review or challenge by anyone of the bills submitted for service rendered by the Executor or Trustee since he is my son, and I have faith in his integrity, honesty, and veracity.

guage is perfectly plain and capable of legal construction, the language determines the form and effect of the instrument. *Germann v. New York Life Ins. Co.*, 286 S.C. 34, 331 S.E. (2d) 385 (Ct. App. 1985).

We find the language of the trust provision perfectly clear. The simple words of the provision state that the settlor established the trust for "the benefit of [his] wife." The purpose of the trust can be no plainer. Moreover, it is implicit in the language: "shall provide from the income of said trust for the care, maintenance, health, and welfare of my wife," that the settlor intended his wife to periodically receive a reasonable income from the trust. While we disagree with the trial judge's finding that the language of the trust creates a latent ambiguity, we concur in his result. Accordingly, we find no error.

The Trustee also appeals the trial court's ruling that the Trustee breached his fiduciary duties. The trial court found that, in view of the total value and income of the trust, the Trustee's distributions to himself were excessive, and constituted a violation of his duty to act in good faith. He also found that the Trustee's strategy of investing almost exclusively in growth investment, at the expense of income, constituted a breach of the Trustee's duty to exercise fairness in dealing with all the beneficiaries.

In *Lynch v. Lynch*, 161 S.C. 170, 159 S.E. 26 (1931), the court held that where a trust gives a trustee discretionary authority, the trustee cannot exercise such discretion upon a mere whim and without accountability, but the trustee is limited by the primary purpose of the grant, and must act with good faith as to any discretion vested in him. Moreover, discretion vested in a trustee must be honestly and faithfully exercised. *Id.* The primary purpose of the trust in question is to provide a reasonable income to Sarlin. We agree with the trial court that the Trustee ignored the settlor's intentions and used the trust to the benefit of himself and the other remaindermen. Thus, we affirm the trial court's finding that the Trustee breached his fiduciary duties.

Additionally, we find no abuse of discretion by the trial court in ordering the Trustee to invest the trust assets in such a manner as to enhance the trust income. The trial judge ordered the Trustee to pay Sarlin out of the trust

funds, whether it be from income or principal, the greater of $4,000 per year or five percent of the total value of the assets held in trust. It is well settled that, in proper cases, courts of equity may interfere with the disposition of trust funds; however, such power should be exercised only in cases of real necessity. *Wannamaker v. South Carolina State Bank*, 176 S.C. 133, 179 S.E. 896 (1935).

In light of the Trustee's breach of fiduciary duties, we hold that this is a case of "real necessity" and find the trial court's remedy appropriate.

For the foregoing reasons, we affirm.

Affirmed.

SHAW and BELL, JJ., concur.