495 S.E.2d 199

**The EVANGELICAL LUTHERAN CHARITIES SOCIETY OF CHARLESTON, SOUTH CAROLINA (Franke Home) and Newberry College, Respondents–Appellants,**

v.

**The SOUTH CAROLINA NATIONAL BANK (n/k/a Wachovia Bank of South Carolina, N.A.), as Trustee of the Charitable Testamentary Trust Created Under the Last Will and Testament of John D. Miller, Jr., Deceased, Appellant–Respondent.**

No. 24729.

Supreme Court of South Carolina.

Heard June 17, 1997.

Decided Dec. 29, 1997.

Rehearing Denied Jan. 21, 1998.

---

Donald B. Meyer, Scott W. Pitts, both of Moore and Van Allen, and William C. Cleveland, of Haynsworth, Marion, McKay & Guerard, Charleston, for Appellant–Respondent The South Carolina National Bank (n/k/a Wachovia Bank of South Carolina).

Jacquelyn L. Bartley, David W. Robinson, II, both of Robinson, McFadden & Moore, P.C., Columbia, for Respondent–Appellant Franke Home.

Robert M. Hollings, F. Truett Nettles, II, both of Hollings & Nettles, P.A., Charleston, for Respondent–Appellant Newberry College.

FINNEY, Chief Justice:

This is an action construing a testamentary trust. The circuit court first held that historic preservation of the exteriors of certain properties in the City of Charleston did not confer a sufficient public benefit so as to render a trust established for this purpose a charitable trust. In a second order, the court construed the trust and held that the Trustee had properly managed its assets. We reverse the first order, and affirm the second.

Respondents–Appellants (Beneficiaries) are the charitable beneficiaries of a testamentary trust created under John Muller's will. Appellant-respondent (Trustee) is the Trustee. Beneficiaries brought this action challenging certain provisions of the will, alleging they do not create a charitable trust, and claiming Trustee breached its fiduciary duty in administering the trust. Trustee appeals an order finding no charitable trust; Beneficiaries appeal an order finding no breach of fiduciary duty. The appeals have been consolidated.

Mr. Muller, a lifelong Charleston resident, was well known for his efforts to preserve historic homes in the city. Mr. Muller acquired nine contiguous properties, most on Archdale Street (the Archdale Properties) in the 1950's and 1960's, and began restoring them. Under Muller's will, the Archdale Properties and Laurel Hill Plantation [1] were the corpus of the charitable trust, and Trustee was directed to "hold such properties ... to comprise the corpus of the ... Muller Trust in perpetuity...." [Will, art. IV(b)]. The will directed the net income from the corpus "[F]irst be applied by my Trustee to the care, upkeep and maintenance of my said real properties...." [Will, art. (b)(1)]. It then provided:

---

1. Laurel Hill Plantation is not the subject of this dispute.

After establishing a reserve or a "cushion" from net income from this Trust ... the amount of which is to be determined solely by my Trustee, of monies from which repairs, insurance, taxes and other contingencies can be paid, all of the remainder of the net income which remains from time to time ... if any, shall be distributed by my Trustee to the [Beneficiaries]....

[ (Will, Article (b)(2)) ].

At the time of Muller's death in 1984, the Properties were still in a state of disrepair. Since that time, the Trustee has fully restored the exterior of the Properties, created 27 separate apartments, and rented them. The expenses incurred in renovating the Properties have consistently exceeded the Trust's net income, and the Beneficiaries have received only one distribution, that from interest generated by insurance proceeds paid after Hurricane Hugo severely damaged the Properties.

The trial court found the exterior of the Archdale Properties had been "preserved and returned to their original splendor with substantial education benefit to those who may view them...." It also found the fact the Properties share a common owner is important in preserving and maintaining them, and "(t)hey have historical significance as a unit which transcends their individual parts." He held the Properties had significant public value because they constitute the northern boundary of historic preservation in this part of Charleston, and as such "(t)heir continued preservation is important as a bastion against insipid deterioration." Finally, the trial judge found the restored and preserved Properties "are a monument to [Muller's] ideas, and a model to be followed."

The trial judge held, none-the-less, that the purpose of the Muller Trust as it relates to the Archdale Properties did not provide a sufficient public benefit so as to render it a proper charitable trust. Trustee appeals this order.

▮▮▮▮ A court of equity takes a sympathetic view of attempts to create a charitable trust, and will go to great lengths to try to sustain such an attempt. *Medical Society of South Carolina v. SC Nat'l Bank of Charleston*, 197 S.C. 96, 14 S.E.2d 577 (1941); *Porcher v. Cappelmann*, 187 S.C. 491, 198 S.E. 8 (1938) (charitable trusts "are entitled to peculiar

favor"). No general rule can be laid down as to what benefits constitute a public charity, and each case must be judged on its own facts. *Medical Society, supra.* "Courts, on the whole, are kindly disposed towards preservation of the settings and trappings of historical events and of remnants of a departed culture, and trusts to that end are generally upheld." Annot., *Validity, as for a charitable purpose, of trust for dissemination or preservation of material of historical or other educational interest or value,* 12 ALR 2d 849, 893 (1950).

The trial judge's conclusions appear to rest on two grounds: (1) the Properties' interiors are not open to the public on a regular basis; and (2) the Properties are rented to private individuals who receive a greater benefit (albeit at a greater cost) than the public at large. In our opinion, the fact the Trustee utilized the properties themselves to generate the income necessary to achieve the trust's purpose does not convert the benefit conferred from public to private. *See The Preservation Society of Newport County v. Assessor of Taxes of the City of Newport,* 104 R.I. 559, 247 A.2d 430 (1968). Further, the fact that the renters are more able to enjoy the Properties than the public at large does not alter the trust's charitable character. It is true in almost all public trusts that some individuals receive more direct benefit than others, but the purpose is charitable so long as societal interests are furthered. § 54 *Bogert on Trusts* (6th Ed.1987).

The trial judge also relied on *Smith v. Heyward,* 115 S.C. 145, 105 S.E. 275 (1920). In *Smith,* the testatrix established a fund to maintain her family home and its extensive grounds, none of which were open to the public. The Court held there was no charity involved, but that the bequest was "purely private and personal." Unlike *Smith,* the trust here is not "purely private and personal", but, as even the trial judge held, "clearly bestow[s] a public benefit...." *Smith* is clearly distinguishable.

The Beneficiaries rely not only on *Smith, supra,* to support their position but also on the *Medical Society* decision. In *Medical Society,* the testatrix left her home and its contents to be used as a museum. The evidence showed the contents had little or no value as museum pieces, and that the exhibition of these items would constitute a public detriment, not a public

benefit. *Id. Medical Society* supports the position of the Trustee here since the Muller Trust confers a public benefit.

We reverse the first order and find for the historic preservation of the Archdale Properties because this confers a sufficient public benefit to render it a charitable trust.

 In a subsequent order, the trial court construed the will and granted Trustee summary judgment on the Beneficiaries' claims that Trustee had breached its fiduciary duties in managing the Muller Trust. Beneficiaries have appealed this order, essentially contending the trial court erred in determining Muller's intent, and that Trustee's management was deficient. We affirm this order. *Germann v. New York Life Ins. Co.*, 286 S.C. 34, 331 S.E.2d 385 (Ct.App.1985).

Accordingly, these appeals are

REVERSED IN PART; AFFIRMED IN PART.

MOORE and WALLER, JJ., and THOMAS J. ERVIN and CASEY L. MANNING, Acting Associate Justices, concur.