**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ralph Hooker as Personal Representative of the Estate of Linda Hooker, Appellant,

v.

McDonald's Corporation, McDonald's Real Estate, Company, JKS & K, Inc., Pam Hampton, and Proline Striping Service, Inc., Defendants,

Of which McDonald's Corporation, McDonald's Real Estate Company, JKS & K, Inc., and Pam Hampton are Respondents.

Appellate Case No. 2022-000981

―――――――――

Appeal From Orangeburg County
Edgar Warren Dickson, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2025-UP-070
Submitted February 1, 2025 – Filed February 26, 2025

―――――――――

**AFFIRMED**

―――――――――

James Eric Cavanaugh, Joseph Odell Thickens, William Harley Yarborough, Jr., all of Cavanaugh & Thickens, LLC, of Columbia; and Clyde C. Dean, Jr., of The Dean Law Firm, LLC, of Orangeburg, all for Appellant.

Joseph DuRant Thompson, III, of Hall Booth Smith, PC, of Mount Pleasant, for Respondents.

_____

**PER CURIAM:** Ralph Hooker, as personal representative of the estate of Linda Hooker, appeals the circuit court's order granting summary judgment in favor of McDonald's Corp., McDonald's Real Estate Co., JKS & K, Inc., and Pam Hampton (collectively, Respondents). Hooker argues the circuit court erred in granting summary judgment because he submitted a mere scintilla of evidence establishing the existence of a genuine issue of material fact as to Respondents' negligence and the causation of Linda Hooker's (Linda's) fall in the parking lot of a McDonald's restaurant franchise (the Restaurant). We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Hooker, we hold the circuit court did not err by granting summary judgment in favor of Respondents because Hooker failed to establish a genuine issue of material fact as to whether an alleged dangerous condition created by Respondents or a dangerous condition that they had knowledge of and failed to remedy caused Linda's fall.[1] *See Singleton v. Sherer*, 377 S.C. 185, 196, 659 S.E.2d 196, 202 (Ct. App. 2008) ("[S]ummary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." (quoting *Pittman v. Grand Strand Entm't, Inc.*, 363 S.C. 531, 536, 611 S.E.2d 922, 925 (2005))); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under

_____

[1] We note the circuit court applied the mere scintilla of evidence standard under *Hancock v. Mid-South Management Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009); however, our supreme court overruled this standard in *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 892 S.E.2d 297 (2023), the year after the circuit court decided this case. We decide this case by applying the genuine issue of material fact standard as set forth under *Kitchen Planners, LLC*. *See Kitchen Planners, LLC*, 440 S.C. at 463, 892 S.E.2d at 301 ("[T]he proper standard [under Rule 56(c) of the South Carolina Rules of Civil Procedure] is the 'genuine issue of material fact' standard set forth in the text of the Rule."); *see also Gray v. Club Grp., Ltd.*, 339 S.C. 173, 183-84, 528 S.E.2d 435, 440-41 (Ct. App. 2000) (finding a circuit court's application of the wrong standard of review was harmless when the application of the correct standard of review produced the same result).

Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Singleton*, 377 S.C. at 197, 659 S.E.2d at 202 ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."). Because Linda was an invitee, Hooker was required to present evidence showing Linda's injury was caused by a specific act of Respondents creating a dangerous condition or that Respondents had actual or constructive knowledge of a dangerous condition and failed to remedy it. *See id.* at 199, 659 S.E.2d at 203 ("[A] business visitor is an invitee whose purpose for entering the property is either directly or indirectly connected with the purpose for which the property owner uses the land."); *id.* at 202, 659 S.E.2d at 205 ("Generally, the owner of property owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from the breach of such duty."); *Garvin v. Bi-Lo, Inc.*, 343 S.C. 625, 628, 541 S.E.2d 831, 832 (2001) ("To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the respondent which created the dangerous condition; or (2) that the respondent had actual or constructive knowledge of the dangerous condition and failed to remedy it.").

We find the evidence Hooker relied on to establish that the painted lines in the Restaurant crosswalk were the proximate cause of Linda's fall was conclusory and therefore insufficient to create a genuine issue of material fact. *See Germann v. New York Life Ins. Co.*, 286 S.C. 34, 39, 331 S.E.2d 385, 388 (Ct. App. 1985) ("A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment."). Hooker testified during his deposition that he saw a "smear" on one of the lines in the Restaurant crosswalk after Linda fell; however, he also testified he did not see Linda fall. Similarly, Michelle Foxworth, Linda's daughter, testified during her deposition that she slipped on one of the painted lines in the crosswalk but did not see the initiation of Linda's fall. We find Hooker's observation of a "smear" on one of the painted lines and Foxworth's indication she slipped on one of the lines is insufficient to create a genuine issue of material fact when neither Hooker nor Foxworth saw Linda fall. Further, as to the first responder screen shot evidence relied on by Hooker, it merely shows a congregation of people standing in the Restaurant's crosswalk, rather than capturing Linda's fall. We find Hooker's reliance on this evidence to establish the causation of Linda's fall amounts to an inference of negligence arising from the mere fact of injury and South Carolina does not recognize the doctrine of res ipsa loquitor. *See Snow v. City of Columbia*,

305 S.C. 544, 555, 409 S.E.2d 797, 803 (Ct. App. 1991) (holding the plaintiff's burden of proof in a negligence action "cannot be met by relying on the theory that the thing speaks for itself or that the very fact of injury indicates a failure to exercise reasonable care"); *id.* ("No inference of negligence arises from the mere fact of injury."); *Graham v. Town of Latta*, 417 S.C. 164, 186, 789 S.E.2d 71, 82 (Ct. App. 2016) ("South Carolina does not recognize the doctrine of res ipsa loquitur.").  Furthermore, Hooker cannot rely on the mere allegation in his complaint that Linda's fall was caused by the painted lines in the crosswalk.  *See Froneberger v. Smith*, 406 S.C. 37, 50, 748 S.E.2d 625, 632 (Ct. App. 2013) ("It is well settled in South Carolina that a party 'may not rest upon the mere allegations or denials of his pleading' to defeat a motion for summary judgment.").  Moreover, Hooker has not appealed the circuit court's finding that his deposition testimony pertaining to what Linda told him about her fall was inadmissible under the Dead Man's Statute;[2] therefore, this finding is the law of the case.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").  Based on the foregoing, we find this evidence was conclusory and therefore insufficient to create a genuine issue of material fact as to whether the painted lines in the Restaurant's crosswalk caused Linda's fall.  *See Hurst v. E. Coast Hockey League, Inc.*, 371 S.C. 33, 37, 637 S.E.2d 560, 562 (2006) ("To prove negligence, a plaintiff must prove the following elements: (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty by the defendant, and (3) damages proximately resulting from the breach of duty.").

**AFFIRMED.**[3]

**THOMAS, HEWITT, and CURTIS, JJ., concur.**

---

[2] S.C. Code Ann. § 19-11-20 (2014).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.