**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

U.S. Bank Trust, N.A. as Trustee for LSF10 Master Participation Trust, Respondent,

v.

Austin A. Lowery a/k/a Austin Lowery a/k/a Austin Allen Lowery a/k/a Allen Lowery, individually; Austin A. Lowery a/k/a Austin Lowery a/k/a Austin Allen Lowery a/k/a Allen Lowery, individually, and as Heir of Devisee of the Estate of Lisa D. Lowery, Deceased; South Carolina Department of Revenue; The United States of America acting by and through its agency, Department of the Treasury - Internal Revenue Service; and Elizabeth A. Lowery, Defendants,

Of whom Austin A. Lowery a/k/a Austin Lowery a/k/a Austin Allen Lowery a/k/a Allen Lowery, individually, and as Heir of Devisee of the Estate of Lisa D. Lowery, Deceased, is the Appellant.

Appellate Case No. 2022-000393

———————

Appeal From Spartanburg County
Shannon Metz Phillips, Master-in-Equity

———————

Unpublished Opinion No. 2025-UP-339
Submitted September 1, 2025 – Filed October 8, 2025

———————

**AFFIRMED**

Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, for Appellant.

James Derrick Jackson, of Tobias G. Ward, Jr., PA, and Reginald Patrick Corley and Henry Guyton Murrell, both of Scott and Corley, P.A., all of Columbia, for Respondent.

**PER CURIAM:** Austin A. Lowery a/k/a Austin Lowery a/k/a Austin Allen Lowery a/k/a Allen Lowery, individually, and as heir of devisee of the Estate of Lisa D. Lowery, deceased, appeals the master-in-equity's order granting partial summary judgment in favor of U.S. Bank Trust, N.A., as trustee for LSF 10 Master Participation Trust (U.S. Bank). On appeal, Lowery argues the master erred by (1) granting partial summary judgment in favor of U.S. Bank as to Lowery's affirmative defenses of unconscionable conduct, release, res judicata, laches, and unclean hands and (2) preventing him from cross-examining witnesses at the final hearing. We affirm pursuant to Rule 220(b), SCACR.

1. As to issue one, viewing the evidence in the light most favorable to Lowery, we hold the master did not err by granting summary judgment in favor of U.S. Bank. *See Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (holding summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law); *USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c), SCRCP, which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."). First, we find Lowery failed to establish a genuine issue of material fact as to whether the mortgage and Note were unconscionable or induced by unconscionable conduct. *See* S.C. Code Ann. § 37-5-108(1) (2015) ("With respect to a transaction that is, gives rise to, or leads the debtor to believe will give rise to, a consumer credit transaction, if the court as a matter of law finds: . . . the

agreement or transaction to have been unconscionable at the time it was made, or to have been induced by unconscionable conduct, the court may refuse to enforce the agreement; or . . . any term or part of the agreement or transaction to have been unconscionable at the time it was made, the court may refuse to enforce the agreement, enforce the remainder of the agreement without the unconscionable term or part, or so limit the application of any unconscionable term or part as to avoid any unconscionable result and award the consumer any actual damages he has sustained."); S.C. Code Ann. § 37-5-108(4)(e) (2015) (providing a non-exclusive list of conduct that courts must consider in determining whether an agreement was unconscionable at the time it was made or was induced by unconscionable conduct, including "the fact that the seller, lessor, or lender knowingly has taken advantage of the inability of the consumer or debtor reasonably to protect his interests by reason of physical or mental infirmities, ignorance, illiteracy, inability to understand the language of the agreement, or similar factors"); *Fanning v. Fritz's Pontiac-Cadillac-Buick, Inc.*, 322 S.C. 399, 403, 472 S.E.2d 242, 245 (1996) ("Unconscionability has been recognized as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms which are so oppressive that no reasonable person would make them and no fair and honest person would accept them."); S.C. Code Ann. § 37-10-102(a) (2015) ("Whenever the primary purpose of a loan that is secured in whole or in part by a lien on real estate is for a personal, family or household purpose: . . . [t]he creditor must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction . . . ."); S.C. Code Ann. § 37-10-105(A) (2015) ("If a creditor violates a provision of this chapter, the debtor has a cause of action, other than in a class action, to recover actual damages and also a right in an action, other than in a class action, to recover from the person violating this chapter a penalty in an amount determined by the court of not less than one thousand five hundred dollars and not more than seven thousand five hundred dollars."); *Matrix Fin. Servs. Corp. v. Frazer*, 394 S.C. 134, 138, 714 S.E.2d 532, 534 (2011) ("All real estate and mortgage loan closings must be supervised by an attorney."); *id.* at 139, 714 S.E.2d at 534 ("Performing a title search, preparing title and loan documents, and closing a loan without the supervision of an attorney constitutes the unauthorized practice of law."); *id.* at 140, 714 S.E.2d at 535 (holding "a lender may not enjoy the benefit of equitable remedies when that lender failed to have attorney supervision during the loan process as required by our law" and prospectively applying this holding "to all filing dates after the issuance of this opinion"); *BAC Home Loan Servicing, L.P. v. Kinder*, 398 S.C. 619, 624, 731 S.E.2d 547, 550 (2012) (clarifying the date referenced in *Matrix* is the date "the document a party seeks to enforce was filed");

*U.S. Bank Nat'l Ass'n as Tr. to U.S. Bank Tr. Nat'l Ass'n v. Mack*, 445 S.C. 103, 110, 912 S.E.2d 236, 239 (2025) ("*Matrix* bars a lender from 'the benefit of equitable remedies when that lender failed to have attorney supervision during the loan process as required by our law,' but only after the effective date of that opinion." (quoting 394 S.C. at 140, 714 S.E.2d at 535)); *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 541, 542 S.E.2d 360, 365 (2001) ("[A] person who can read is bound to read an agreement before signing it."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *Germann v. N.Y. Life Ins. Co.*, 286 S.C. 34, 39, 331 S.E.2d 385, 388 (Ct. App. 1985) ("A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment.").

Second, we find Lowery failed to establish a genuine issue of material fact as to whether the release of the first mortgage also released the second mortgage. *See Resol. Tr. Corp. v. Eagle Lake & Golf Condominiums*, 310 S.C. 473, 476, 427 S.E.2d 646, 648 (1993) ("A mortgage is a lien on real property."); *Floyd*, 403 S.C. at 477, 744 S.E.2d at 166 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *Germann*, 286 S.C. at 39, 331 S.E.2d at 388 ("A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment."); S.C. Code Ann. § 15-3-520(a) (2005) (providing the statute of limitations in an "action upon . . . [a] contract in writing secured by a mortgage of real property" is twenty years).

Third, we find Lowery failed to establish a genuine issue of material fact as to whether U.S. Bank's foreclosure action was barred by the doctrine of res judicata. *See S.C. Pub. Int. Found. v. Greenville County*, 401 S.C. 377, 385, 737 S.E.2d 502, 506 (Ct. App. 2013) ("Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties." (quoting *Judy v. Judy*, 393 S.C. 160, 172, 712 S.E.2d 408, 414 (2011))); *id.* at 393, 737 S.E.2d at 506 ("Under the doctrine of res judicata, a litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." (quoting *Judy*, at 160, 712 S.E.2d at 414)); *Plum Creek Dev. Co. v. City of Conway*, 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) ("To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit."); *U.S. Bank Trust Nat'l Ass'n v. Bell*, 385 S.C. 364, 377, 684 S.E.2d 199, 206 (Ct. App. 2009) (finding when the mortgagors missed two consecutive

monthly payments, "[t]hese missed payments each constitute[d] a default by the [mortgagors]"); *id.* at 377 n.11, 684 S.E.2d at 206 n.11 (noting the mortgagors' missed "payments each independently establish[ed] a default" and that "[o]nce default occur[ed] . . . the balance owed on the note [was] accelerated, and [the mortgagee was] entitled to foreclose based on that default").

Fourth, we find Lowery failed to establish a genuine issue of material of fact as to whether laches barred U.S. Bank's foreclosure action. *See Emery v. Smith*, 361 S.C. 207, 215, 603 S.E.2d 598, 602 (Ct. App. 2004) ("Laches is neglect for an unreasonable and unexplained length of time, under circumstances affording opportunity for diligence, to do what in law should have been done."); *id.* ("Laches is an equitable doctrine, which arises upon the failure to assert a known right."); *id.* ("The party seeking to establish laches must show (1) delay, (2) unreasonable delay, and (3) prejudice."); *Twelfth RMA Partners, L.P. v. Nat'l Safe Corp.*, 335 S.C. 635, 641, 518 S.E.2d 44, 47 (Ct. App. 1999) ("Laches within the period of the statute of limitations is no defense at law."); § 15-3-520(a) (providing the statute of limitations in an "action upon . . . [a] contract in writing secured by a mortgage of real property" is twenty years).

Lastly, we find Lowery failed to establish a genuine issue of material fact as to whether the doctrine of unclean hands barred U.S. Bank's foreclosure action. *See Straight v. Goss*, 383 S.C. 180, 206, 678 S.E.2d 443, 457 (Ct. App. 2009) ("The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant." (quoting *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998))); *id.* at 207, 678 S.E.2d at 457-58 ("He who comes into equity must come with clean hands. It is far more than a mere banality. It is a self-imposed ordinance that closes the door of the court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." (quoting *Emery*, 361 S.C. at 220, 603 S.E.2d at 605)); *Williams v. Jeffcoat*, 444 S.C. 224, 236, 906 S.E.2d 588, 594 (2024) ("For a party to succeed on an unclean hands defense, the conduct of the person sought to be barred from recovery under the doctrine 'need not necessarily have been of such a nature as to be punishable as a crime or as to justify legal proceedings of any character.'" (quoting 27A Am. Jur. 2d Equity § 21 (2019))); *id.* at 236, 906 S.E.2d at 594-95 ("'[A]ny willful act concerning the cause of action that rightfully can be said to transgress equitable standards of conduct is sufficient' to establish the defense." (quoting 27A Am. Jur. 2d Equity § 21)); *id.* at 236, 906 S.E.2d at 595 ("While mere stupidity, negligence, ignorance, or inappropriateness are insufficient to invoke the defense, a litigant's hands are rendered unclean by conduct that is

'condemned and pronounced wrongful by honest and fair-minded people,' or by conduct that is inequitable, unfair, dishonest, fraudulent, unconscionable, in bad faith, willful, grossly negligent, unrighteous, unconscientious, oppressive, or reprehensible." (quoting 27A Am. Jur. 2d Equity § 21)); *Mack*, 445 S.C. at 110, 912 S.E.2d at 239 ("*Matrix* bars a lender from 'the benefit of equitable remedies when that lender failed to have attorney supervision during the loan process as required by our law,' but only after the effective date of that opinion." (quoting 394 S.C. at 140, 714 S.E.2d at 535)); *Munoz*, 343 S.C. at 541, 542 S.E.2d at 365 ("[A] person who can read is bound to read an agreement before signing it."); *Floyd*, 403 S.C. at 477, 744 S.E.2d at 166 ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *Germann*, 286 S.C. at 39, 331 S.E.2d at 388 ("A conclusory statement as to the ultimate issue in a case is not sufficient to create a genuine issue of fact for purposes of resisting summary judgment."); § 37-10-102(a) ("Whenever the primary purpose of a loan that is secured in whole or in part by a lien on real estate is for a personal, family or household purpose: . . . [t]he creditor must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction . . . ."); § 37-10-105(A) ("If a creditor violates a provision of this chapter, the debtor has a cause of action, other than in a class action, to recover actual damages and also a right in an action, other than in a class action, to recover from the person violating this chapter a penalty in an amount determined by the court of not less than one thousand five hundred dollars and not more than seven thousand five hundred dollars.").

2. As to issue two, we hold Lowery's argument concerning the master's alleged violation of his right to cross-examine witnesses is without merit. The master's February 23, 2022 order found the only issues remaining were the amount of debt and Lowery's setoff and/or recoupment and ordered U.S. Bank to file and serve affidavits regarding the amount of indebtedness under the foreclosure at least three days prior to a final hearing. The master did not order that Lowery was prohibited from cross-examining witnesses at the final hearing.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.