### 24014

R. Gordon MATHEWS and Howard E. Phillips, d/b/a R. Gordon Mathews and Associates, a general partnership, and Greenville Office Building Partnership, a limited partnership, Respondents v. FLUOR CORPORATION, Fluor Daniel, Inc., Daniel International Corporation, W.R. Grace & Co., National Gypsum Company, and Bankers Trust of South Carolina, as Ancillary Trustee of the Fluor Employees Trust Fund, Defendants, of whom Bankers Trust of South Carolina, as Ancillary Trustee of the Fluor Employees Trust Fund, and Fluor Corporation are Appellants. Appeal of BANKERS TRUST OF SOUTH CAROLINA.

(440 S.E. (2d) 880)

Supreme Court

*O.G. Calhoun, Jr., Thomas H. Coker, Jr.,* and *J. Derrick Quattlebaum, Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant Bankers Trust of South Carolina.*

*Mason A. Goldsmith,* of *Love, Thornton, Arnold & Thomason,* Greenville, *for appellant Fluor Corp.*

*C. Alan Runyan* and *Robert N. Hill,* of *Speights & Runyan,* Hampton, *for respondents.*

Heard Feb. 3, 1994. Decided Feb. 22, 1994.

Reh. Den. Mar. 15, 1994.

FINNEY, Justice:

Appellants, Bankers Trust of South Carolina (Bankers Trust) and Fluor Corporation (Fluor), appeal from the denial of their motions for summary judgment to stay proceedings, and to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-14. We affirm.

In 1982, Daniel International Corporation distributed the Daniel Building, located in Greenville, South Carolina, to Fluor as a dividend. In July 1982, Fluor desired to transfer the Daniel Building to its Employees Trust Fund (Trust Fund) as a corporate contribution. Not being licensed to do business in this state, the Trust Fund appointed Bankers Trust Ancillary Trustee to take title, and the Daniel Building was deeded to Bankers Trust on July 30, 1982. As a result of subsequent negotiations between Bruce Terrell, agent for the Trust Fund,[1] and Respondent R. Gordon Mathews and Associates (Mathews Associates), a Pennsylvania partnership, Mathews Associates purchased the Daniel Building for $18,500,000 on June 13, 1983.

Respondents instituted this action against Bankers Trust on December 12, 1989, alleging that the Trust Fund fraudulently and negligently misrepresented the condition of the property. Contending that, by agreement, the dispute was subject to arbitration pursuant to the Federal Arbitration Act, the Trust Fund moved to stay proceedings and compel arbitration. The trial judge found that the contract of sale did not evidence an interstate transaction, thus the Federal Arbitration Act (the Act) was inapplicable.

Paragraph 16 of the contract of sale contains the following provision:

> All disputes arising out of or in connection with this Contract or the breach thereof shall be finally settled under the Rules of Conciliation and Arbitration by two or more arbitrators appointed in accordance with such rules.

Appellants first assert that the sale of the Daniel Building is a transaction involving commerce within the meaning of the Act. We disagree.

---

[1] Mr. Terrell was also an employee of Fluor.

Interstate commerce is a necessary basis for application of the Act, and a contract or agreement not so predicated must be governed by state law. *Timms v. Greene,* — S.C. —, 427 S.E. (2d) 642 (1993). Commerce, as defined in the Act, evidences transactions involving interstate or foreign commerce. 9 U.S.C. § 1; *Varley v. Tarrytown Assoc., Inc.,* 477 F. (2d) 208 (2d Cir. 1973). The requirement that the underlying transaction involve commerce is to be broadly construed so as to be coextensive with congressional power to regulate under the Commerce Clause. *Foster v. Turley,* 808 F. (2d) 38 (10th Cir. 1986) (citing *Snyder v. Smith,* 736 F. (2d) 409 (7th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed. (2d) 403 (1984). The court must examine the agreement, the complaint, and the facts to ascertain whether the transaction is one involving commerce within the meaning of the Act. *Id.* at 417.

Appellants assert that interstate contacts are present in this case because it involves a California seller (through a South Carolina Ancillary Trustee) and a Pennsylvania buyer. Moreover, an Employee Benefits opinion was obtained from a North Carolina engineer, the purchase was financed by lending institutions in Pennsylvania, and the lenders obtained an environmental law opinion from a South Carolina attorney based upon a North Carolina laboratory testing report. The final interstate contact cited by appellants to support application of the Act is that the purchase money was wired to North Carolina for credit to a South Carolina bank, then to the Trust in California.

In the present case, the object of the contract was the sale of real estate situated in South Carolina. Although the contracting parties are domiciled outside of South Carolina and transactions incident to the sale were conducted in foreign jurisdictions, there is no evidence in the record that the express terms of the contract involved interstate commerce. *See Timms v. Greene, supra.* Since this Court is unable to discern from the evidence presented whether the contract *required* respondent to administer anything related to interstate commerce, we hold that the subject transaction is outside the scope of the Act. *See Garikes, Wilson and Atkinson, Inc. v. Episcopal Foundation of Jefferson County, Inc.,* 614 So. (2d)

447 (Ala. 1993). Thus, we find that there is no nexus between the contract and interstate commerce.

We conclude that the subject transaction for the sale and purchase of South Carolina real estate did not involve interstate commerce as defined in the Federal Arbitration Act, and that the proceedings should not be stayed or arbitration compelled. In view of our disposition of the above issue, we find it unnecessary to address the remaining exceptions.

Affirmed.

CHANDLER, TOAL and MOORE, JJ., concur.

HARWELL, C.J., not participating.