SI V, LLC et al, Plaintiffs,

v.

FMC CORPORATION, Defendant.

FMC Corporation, Counter–Claimant,

v.

SI V, LLC et al, Counter–Defendants.

No. 5:02–CV–02606JW.

United States District Court,
N.D. California,
San Jose Division.

Oct. 7, 2002.

Jeffrey S. Lawson, San Jose, CA, for Plaintiffs.

James Bruen, Joshua A. Room, Derrick K. Watson, Farella Braun and Martel LLP, San Francisco, CA, San Jose, CA, for Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRA- TION AND STAY FURTHER JUDI- CIAL ACTION ON PLAINTIFFS' CLAIMS; SETTING CASE MAN- AGEMENT CONFERENCE**

WARE, District Judge.

## I. INTRODUCTION

This suit arises out of a contract for sale of real property between Defendant FMC Corporation ("FMC"), the sellers, and Plaintiffs Sobrato Interests IV, LLC and Sobrato Interests V, LLC, the purchasers. Closure on the contract for sale has not occurred for reasons that are in dispute, and Plaintiffs have filed this action assert- ing several claims. Pursuant to an arbi- tration agreement between FMC and Plaintiffs, FMC has filed a motion to com- pel arbitration and stay further judicial action on Plaintiffs' claims. Plaintiffs op- pose arbitration and contend that the arbi- tration agreement is unenforceable. Based upon all the papers filed to date and the undisputed evidence,[1] FMC's motion to compel arbitration and stay judicial action is GRANTED in part and DENIED in part.

## II. BACKGROUND

FMC and Sobrato Interests IV, LLP ("Sobrato LLP") entered into a contract, effective April 30, 2001 (the "Agreement"), for the purchase and sale of 75 acres of real property (the "Property"), owned by FMC in San Jose and Santa Clara, Califor- nia. Sections 18(c) and 19 of the Agree- ment indicated that the parties still needed to agree to some "Remaining Items" that would be incorporated by amendment. In particular, they contemplated the incorpo- ration of an ADR clause that was eventual- ly added to the Agreement by an amend- ment (the "Amendment") effective June 8, 2001. Prior to signing the Amendment, Sobrato LLP assigned its rights under the Agreement to Sobrato Interests IV, LLC, later renamed SI V, LLC (collectively, "Sobrato LLC"). Subsequently, the Amendment, including the ADR clause, was signed by Sobrato LLC and not So- brato LLP.

Under the Agreement, the sale was to occur in two phases ("Phase I" and "Phase II"), and each phase included the sale of a separate parcel of the Property under sep- arate closing conditions. This dispute re- lates to Phase I of the Agreement. Phase I was expected to close December 28, 2001,

---

1. The Court has not considered Plaintiffs' Re- buttal to FMC's Reply, pursuant to L.R. 7– buttal to FMC's Reply, pursuant to L.R. 7–  3(d), and FMC's request to strike the rebuttal is granted.

but the sale was not consummated. Sobrato LLC contends that, under the Agreement, it was not obligated to purchase the Phase I parcel because FMC failed to comply with certain closing conditions. In particular, FMC allegedly failed to have a Corrective Measure Study ("CMS") approved by the California Department of Toxic Substances Control (the "DTSC"). In contrast, FMC contends that it met all closing conditions for Phase I by the closing date, and, therefore, Sobrato LLC was obligated to purchase the Phase I parcel.

Pursuant to Section 12 of the Amendment, which amends Section 18(c) of the Agreement, FMC and Sobrato LLC agreed to the following dispute resolution terms:

> [A]ny question, dispute or controversy arising out of this Agreement or resulting transactions ... (collectively "Arbitration Issues") shall be resolved through a two-step dispute resolution process administered by JAMS or another judicial mediation service mutually acceptable to the parties located in San Jose, California. The dispute resolution process shall involve first mediation followed, if necessary, by final and binding arbitration ... Subject to the foregoing, the arbitrators shall, by majority vote, make such decision as is appropriate and in accord with the terms of this Agreement and such decision shall be binding upon the parties and enforceable in a court of law, *except that any party shall have the right to appeal any errors of law.* (emphasis added).

In accordance with the above terms, FMC and Sobrato LLC engaged in a one-day mediation session on May 7, 2002 to resolve their dispute over the Phase I closing. The parties ended the session without a resolution, and Sobrato LLC filed this action in state court on May 8, 2002. Sobrato LLC states three claims including declaratory relief, breach of contract, and anticipatory breach of contract. FMC timely removed the action to federal court, asserting federal diversity jurisdiction. FMC has also joined Sobrato LLP as a Counter–Defendant and asserts three counterclaims against Sobrato LLC and Sobrato LLP including specific performance, breach of contract, breach of implied covenant of good faith and fair dealing, and declaratory relief.

FMC now moves to compel arbitration of all Sobrato LLC's claims, compel Sobrato LLP to participate in the arbitration, and stay any further proceedings in this forum until that arbitration is complete pursuant to Section 18(c) of the Agreement. In response, Sobrato LLC contends, *inter alia,* that it should be allowed to litigate its claims in this Court because the arbitration agreement of Section 18(c) is unenforceable under California law. In particular, Sobrato LLC contends that the provision, "except that any party shall have the right to appeal any errors of law" (the "Appeal Provision"), unlawfully expands the jurisdiction of California courts beyond that which is set forth in Cal.Civ. Proc.Code §§ 1286.2 and 1286.6, and, therefore, renders the entire arbitration agreement unenforceable.

## III. DISCUSSION

Three key issues are important in deciding FMC's motion to compel arbitration in this case. First, the Court must determine whether the Federal Arbitration Act applies to this dispute or whether California law applies. The Court must then determine whether the arbitration agreement is enforceable, and, if so, whether Sobrato LLP, being a nonsignatory to the arbitration agreement, is additionally bound by the arbitration agreement.

## A. The Federal Arbitration Act Does Not Apply to this Dispute

■ The Court must first determine whether the Federal Arbitration Act, 9 U.S.C.A. § 1 *et seq.* (West 1999) ("FAA") is applicable to this dispute. Section 2 makes enforceable "only those arbitration agreements 'in any maritime transaction or a contract evidencing a transaction involving commerce.'" 9 U.S.C.A. § 2. Section 1 defines commerce as "commerce among the several States or with foreign nations ..." 9 U.S.C.A. § 1. The Agreement does not involve a maritime transaction. The Court must then determine whether the Agreement evidences a transaction involving interstate commerce. The Court finds that it does not. An agreement to sell real property between an in-state buyer and an out-of-state seller does not involve interstate commerce as defined in the FAA. *Cecala v. Moore,* 982 F.Supp. 609, 612 (N.D.Ill.1997); *see also Mathews v. Fluor Corp.,* 312 S.C. 404, 440 S.E.2d 880, 881 (1994) (holding the FAA did not apply where the parties were residents of separate states and the real property was in yet another separate state) *rev'd on other grounds Munoz v. Green Tree Fin. Corp.,* 343 S.C. 531, 539, 542 S.E.2d 360 (2001). Therefore, the FAA is not applicable to this dispute, but, rather, the state law governing the Agreement. In the Agreement the parties agreed to a choice of law provision. Under this provision California law, including the California Arbitration Act, Cal.Code of Civ. Proc. § 1280 *et seq.* (West 1982 & Supp.2002), is controlling in this case.

## B. The Arbitration Agreement is Enforceable

■ Sobrato LLC contends that the Appeal Provision unlawfully expands the jurisdiction of California courts beyond that which is set forth by statute, and, therefore, renders the entire arbitration agreement unenforceable. In California, the review of an arbitrator's decision by a court is limited to those grounds for review provided by Cal.Civ.Proc.Code §§ 1286.2[2] and 1286.6.[3] *Moncharsh v. Heily & Blase,* 3 Cal.4th 1, 11–12, 10 Cal. Rptr.2d 183, 832 P.2d 899 (1992). This scope of judicial review simply cannot be expanded by contract. *Crowell v. Downey Comm. Hosp. Found.,* 95 Cal.App.4th 730, 739, 115 Cal.Rptr.2d 810 (2002). Consequently, a provision in an arbitration agreement allowing unspecified errors of fact or law to be appealed to a court is unenforceable, because it unlawfully expands the scope of judicial review. *Oakland–Alameda County Coliseum Auth. v.*

---

**2.** Cal.Civ.Proc.Code § 1286.2 (West Supp. 2002) provides in pertinent part that a court shall vacate an arbitration award if the court determines: "(1) The award was procured by corruption, fraud or other undue means. [P] (2) There was corruption in any of the arbitrators. [P] (3) The rights of the party were substantially prejudiced by misconduct of a neutral arbitrator. [P](4) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted. [P] (5) The rights of such party were substantially prejudiced by the refusal of the arbitrators to postpone the hearing upon sufficient cause being shown therefor or by the refusal of the arbitrators to hear evidence material to the controversy or by other conduct of the arbitrators contrary to the provisions of this title. [P] (6) ..."

**3.** Cal.Civ.Proc.Code § 1286.6 (West 1982) provides that the court shall correct an arbitration award if it determines: "(a) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award; [P] (b) The arbitrators exceeded their powers but the award may be corrected without affecting the merits of the decision upon the controversy submitted; or [P] (c) the award is imperfect in a matter of form, not affecting the merits of the controversy."

*CC Partners,* 101 Cal.App.4th 635, 124 Cal. Rptr.2d 363, 370–71 (2002).

■ Since the Appeal Provision in this dispute does not specify a forum to which appeals would be submitted, it is unclear that the provision contemplates appeals to a court of law. Although FMC argues that a reasonable construction of the provision is that appeals would go exclusively to an arbitration forum,[4] e.g., a JAMS appeal panel, the Court is not convinced by this interpretation. In instances where a contract provision is ambiguous, the Court can look to the rest of the contract to shed light on the meaning of the provision. *See* Cal. Civ.Code § 1641 (West 1985) ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."); *Victoria v. Superior Court,* 40 Cal.3d 734, 741, 222 Cal.Rptr. 1, 710 P.2d 833 (1985). The Agreement and its amendments are simply devoid of any reference to "errors of law" being appealable to an ADR forum. Moreover, there is no indication that it was the intent of the parties to grant an ADR forum exclusive power over appeals. On the contrary, the ADR clause states in part that: " 'Arbitration Issues' shall be resolved through a *two-step* dispute resolution process administered by JAMS or another judicial mediation service ... involv[ing] first mediation followed, if necessary, by *final and binding* arbitration ..." (emphasis added). This leads the Court to only one conclusion when construing the Appeal Provision: it was not contemplated that appeals would be considered part of the arbitration process. Therefore, it is more than reasonable for the Court to construe the Appeal Provision to allow the contracting parties to appeal errors of law to a court of law.

■ Since the Appeal Provision allows for judicial review of errors of law, it unlawfully expands the jurisdiction of the reviewing court and is unenforceable. *CC Partners,* 101 Cal.App.4th 635, 124 Cal. Rptr.2d 363, 370–71. However, an unenforceable judicial review provision does not necessarily render the entire arbitration agreement unenforceable. *Id.*

■ Parties agreeing to a severance clause may agree to sever any invalid or unenforceable provision from a contract such that the remainder of the contract is unaffected and enforceable as provided by law. *See, e.g., CC Partners,* 101 Cal. App.4th 635, 124 Cal.Rptr.2d 363, 370–71. Severing an unenforceable judicial review provision from an arbitration agreement will allow the remainder of the arbitration agreement to stand unaffected. *See id.* Since public policy dictates a strong preference for the enforcement of arbitration agreements, many California courts have ruled in favor of severing unenforceable provisions from these agreements. *See, e.g., CC Partners,* 101 Cal.App.4th 635, 124 Cal.Rptr.2d 363, 371 (citing *Armendariz v. Found. Health Psychcare Servs., Inc.,* 24 Cal.4th 83, 123–124, 99 Cal.Rptr.2d 745, 6 P.3d 669 (2000); *Beynon v. Garden Grove Medical Group,* 100 Cal.App.3d 698, 713–714, 161 Cal.Rptr. 146 (1980); *Saika v. Gold,* 49 Cal.App.4th 1074, 1081–82, 56 Cal. Rptr.2d 922 (1996)). This Court agrees with that policy.

■ The Appeal Provision in this case is similar to that of *CC Partners* in that it attempts to empower either FMC or Sobrato LLC to appeal "errors of law" arising out of arbitration. As discussed previously, this provision is unenforceable. However, the contracting parties (FMC,

---

4. In support of its argument,FMC cites *Chicago Typographical Union v. Chicago Sun–Times,* 935 F.2d 1501, 1505 (7th Cir.1991) (holding that parties may contract for an appellate arbitration panel to review the arbitrator's award, but they cannot contract for *judicial* review of the award).

Sobrato LLP, and Sobrato LLC by assignment) also agreed to a severance clause in Section 18(p) of the Agreement. The clause states: "[if] any provision of this Agreement is, or hereinafter is adjudged to be, for any reason void, unenforceable, or invalid, it is the specific intent of the parties that the remainder hereof shall be and remain in full force and effect." This severance clause explicitly indicates that it was the intent of FMC, Sobrato LLP and Sobrato LLC to sever any unenforceable provisions from the Agreement. Accordingly, the Appeal Provision is severed and the arbitration agreement remains in full force and effect.

Finally, Sobrato LLC argues that it will suffer substantial detriment should the right to judicial review be purged from the arbitration agreement. The Court is not persuaded by this argument. First, it is purely speculative that arbitration will produce an unfair result for either FMC or Sobrato LLC. The contracting parties have complete control over choosing a mutually acceptable arbitration forum, and the Court is confident that this dispute can be settled fairly without need for appeal. Second, in the event that arbitration does produce a grossly unfair result, both FMC and Sobrato still have the right to petition to a court for review of the decision pursuant to Cal.Code of Civ. Proc. §§ 1286.2 and 1286.6.

C. *There Are Insufficient Facts to Conclude That Sobrato LLP Can be Compelled to Arbitrate*

There is a strong policy in California supporting the enforcement of arbitration agreements. *See, e.g., Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak St.,* 35 Cal.3d 312, 322, 197 Cal.Rptr. 581, 673 P.2d 251 (1983). As such, it is not uncommon for nonsignatories to be bound by an arbitration agreement where, for example, an agency relationship exists between the nonsignatory and the contracting party. *See, e.g., NOR-CAL Mutual Ins. Co. v. Newton,* 84 Cal. App.4th 64, 72–79, 100 Cal.Rptr.2d 683 (2001) (citing several California cases binding nonsignatories under an agency theory). In this action, Sobrato LLP is a nonsignatory to the arbitration agreement, and FMC has cited five different theories of law in support of their motion to compel Sobrato LLP to arbitrate.[5] However, FMC has failed to set forth sufficient facts in support of any of these theories, and this Court is not convinced that Sobrato LLP, being a nonsignatory, should be compelled to participate in any arbitration. Therefore, FMC's motion to compel Sobrato LLP to arbitrate is DENIED. The denial, however, is without prejudice to FMC's right to renew the motion it uncovers facts to support its claim.

### IV. CONCLUSION

For the above reasons, FMC's motion to compel arbitration and stay further judicial action on Sobrato LLC's claims is GRANTED. FMC's request to compel Sobrato LLP to arbitrate is DENIED without prejudice. This case is stayed pending further order of the Court. The Court tentatively sets a case management conference for December 16, 2002. No later than December 6, 2002, the parties shall file a joint case management statement advising the Court of the status of the arbitration.

---

**5.** FMC claims (1) incorporation by reference; (2) assumption; (3) agency; (4) veil-piercing/alter ego; and/or (5) estoppel.