14436

LIVINGSTON HOLDING CO. v. AVINGER

(189 S. E., 806)

June, 1935.

*Mr. W. B. Martin,* for appellant,

*Mr. John S. Bowman,* for respondent,

February 10, 1937.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This case by the Livingston Holding Company, as plaintiff, against the defendants Mrs. Marcella Avinger and Harvey F. Avinger, was commenced in the Court of Common Pleas for Orangeburg county in March, 1935, for the foreclosure of an alleged mortgage assigned to the plaintiff by the Edisto National Bank of Orangeburg.

According to the allegations of the complaint, on June 4, 1932, the defendant, Harvey F. Avinger, made and delivered to the Edisto National Bank of Orangeburg his certain promissory note, whereby he obligated to pay to the said bank 60 days after the date of the said note the sum of $1,-850.00, with discount before and interest after maturity at the rate of 8 per cent. per annum, and further provided for the payment of 10 per cent. attorneys' fees in case of suit on the same; that on December 16, 1929, the defendant, Marcella Avinger, made and delivered to her co-defendant, Harvey F. Avinger, her certain promissory note, for value received, whereby she promised to pay to the order of the said Harvey F. Avinger the sum of $2,500.00 one year after date of said note, together with interest from the date of the

note at the rate of 8 per cent. per annum, payable annually until paid, and, also, obligated to pay 10 per cent. upon the amount due as attorneys' fees in case of suit; that according to the allegations of the complaint, on December 16, 1929, the defendant, Marcella Avinger, in order to secure the payment of her said note, made, executed, and delivered unto her codefendant, Harvey F. Avinger, her certain deed and thereby conveyed by way of mortgage unto the said Harvey F. Avinger, his heirs and assigns, the lot of land described in the complaint. According to the complaint the said mortgage contained as one of its provisions the following: "And it is agreed, that should legal or foreclosure proceedings be begun for the collection of any indebtedness hereby secured, the said mortgagee, his heirs, executors, administrators or assigns, shall have the right to have a receiver appointed to take charge of and collect the rents and profits of the within described premises, with the usual powers and duties of receivers, and the expenses thereof shall be secured by this mortgage."

According to the allegations of said complaint the mortgage was duly filed for record on December 16, 1929, in the office of the Clerk of Court for Orangeburg County and was duly recorded in said office in Book No. 110, at page No. 367, and on said date, December 16, 1929, according to the allegations of the complaint, the above-mentioned note and mortgage were, for value received, duly assigned by the said Harvey F. Avinger unto the Edisto National Bank of Orangeburg, its successors, and assigns, as security for all present and future indebtedness and any renewal thereof to the said bank, the note referred to above, which we first mentioned as having been executed June 4, 1932, by the said Harvey F. Avinger to the Edisto National Bank of Orangeburg being, according to the allegations, "a renewal of the note executed by the said Harvey F. Avinger to the said Bank on December 16, 1929, and the assignment of said mortgage was recorded in the office of the Clerk of Court on De-

cember 16, 1929"; and, according to said allegations, on March 6, 1935, the said note of Harvey F. Avinger and the said note and mortgage of Mrs. Marcella Avinger, were, for value received, duly assigned by T. E. Marchant, as receiver of said Edisto National Bank, unto the plaintiff, the Livingston Holding Company, which is now the alleged owner and holder of said notes and mortgage. The plaintiff further alleges that the conditions of the said notes and mortgage have been broken and that there is now due and owing thereon to the plaintiff the sum of $1,850.00 together with interest thereon from August 3, 1932, at the rate of 8 per cent. per annum, payable annually, upon the whole amount of principal and interest remaining unpaid until the whole indebtedness is paid, and, further, together with 10 per cent. of the amount involved as attorneys' fees.

In her answer the defendant, Mrs. Marcella Avinger, interposed a general denial, and made the following allegation: "That on or about December 16, 1929, the defendant was and still is the wife of her co-defendant Harvey F. Avinger and that about the said time he presented the note and mortgage mentioned in paragraphs three and four to her and her signature thereto was obtained from her by her co-defendant and husband Harvey R. Avinger by duress and fraud by threatening the defendant in consequence of which in fear and apprehension thereof this defendant signed the said note and mortgage that she did not know the amount thereof or to whom the same was payable or what became of them and that she obtained no consideration therefor, all of which was known to The Edisto National Bank of Orangeburg, S. C."

The defendant, Harvey F. Avinger, served no answer.

On motion of the plaintiff the case was referred to a special Master, who took the testimony and passed upon the issues. From the special Master's report the defendant, Mrs. Marcella Avinger, appealed. The Master's report was duly approved by the Circuit Judge and the case comes to this

Court on appeal, by the said Mrs. Marcella Avinger, from the order of the Circuit Judge, based on the following exceptions:

"1. Because the Court erred in not holding that the issues raised by the pleadings concerned the recovery of real estate and the fact of mortgage or no mortgage, and this defendant, Marcella Avinger, was entitled to a jury trial of said issues.

"2. Because the Court erred in not finding and holding that the notice asking for an order to frame issues was still pending and should have been disposed of one way or the other or abandoned before an order of reference should have been granted.

"3. Because the Court erred in fixing a rental value of the said property when there was nothing before him upon which to make any such finding, nor was the same within the scope of said notice.

"4. Because the Court erred in fixing the value of the said real estate when there was nothing before him to support his finding and the said finding was a final judgment in this case and binding upon the defendant, Marcella Avinger, nor was the same within the scope of the notice.

"5. Because the Court erred when the uncontradicted evidence showed that Harvey F. Avinger and the defendant, Mrs. Marcella Avinger, are husband and wife and are living together as such and that he rules his family with an iron hand, and when they do not commit themselves and their property to his orders he resorts to violence and they have to submit thereto or suffer the same and often times have had to leave home. That under these circumstances on the sixteenth day of December, 1929, without knowing his purpose brought her to the office of J. Leroy Dukes, Esq., attorney for the Edisto National Bank, where the mortgage set forth in the complaint was already perpared for execution, and that he there commanded her to sign the same; she refused for several minutes hoping that someone would come to her assistance and he commanded her the second time to

sign, and when she did she was effectively hog-tied in the presence of the attorney for the Bank who did have notice of the same and for which she received no consideration whatsoever. That the testimony does not sustain the defenses in this defendant's answer."

It will be observed from Exceptions 1 and 2 that appellant raises the question as to the right of the respondent to have the case referred to a referee, and contends that appellant had the right to have the issues passed upon by a jury. In this connection we call attention to the fact that within ten days after issues were joined the defendant, Marcella Avinger, through her attorney, caused to be served upon the the attorney for plaintiff the following notice:

"To the Hon. John S. Bowman, attorney for the plaintiff:

"You will please take notice that in the above stated case that the defendant, Marcella Avinger, intends to move the said Court upon the first day of the next term thereof immediately after the call of Docket No. 3 for an Order placing said case upon Calendar No. 1, and requiring the whole issue of certain specified questions of fact involved to be tried by a jury. And the defendant, Mrs. Marcella Avinger, claims the same as a matter of right as said questions are legal issues.

"The questions of fact to be tried by jury:

"1. That on or about December 16, 1929, was the defendant Mrs. Marcella Avinger the wife of the co-defendant Harvey F. Avinger?

"2. Did the defendant Harvey F. Avinger present a note and mortgage, mentioned and described in the plaintiff's complaint, to Mrs. Marcella Avinger and obtain her signature thereto by duress and fraud by threatening the said Marcella Avinger?

"3 Did the said defendant Mrs. Marcella Avinger in consequence of the said duress and fraud and in fear and apprehension thereof sign the said note and mortgage?

"4. Did the defendant Mrs. Marcella Avinger obtain any consideration for her signing the same?

"5. Did the Edisto National Bank of Orangeburg, S. C., have notice that the signature of Mrs. Marcella Avinger to the said note and mortgage was obtained by duress and fraud before the same was delivered to it?

It appears from the record that immediately after this notice was served the plaintiff served notice asking for an order of reference and both notices were returnable the same day, and were noticed to be heard on the first day of the term of the June Court, to wit, June 3, 1935. According to the record in the cause, appellant did not call her motion to the attention of the Court on the day named, June 3, 1935, or on any other day during the term of said Court. According to the record, the respondent spoke to the presiding Judge on June 4, 1935, calling his attention to the two motions referred to and it appearing that the jury trials would be concluded on that day his Honor, the presiding Judge, advised respondent that he would return on Thursday, June 6, 1935, and would hear the said motions on Thursday, June 6, 1935; that respondent notified the attorney for appellant that his Honor would hear these motions on Thursday, June 6, 1935. It further appears from the record that his Honor returned on Wednesday but overlooked his engagement for Thursday. It also appears from the record that the Court did not adjourn until Saturday, June 8, 1935, and said motions were not heard during the term; that thereafter upon notice to which the defendant Marcella Avinger filed her return herein contained, Judge Mann, over the objections of the said defendant, issued his orders of June 21, 1935, at his chambers, one referring the said issues to M. E. Zeigler, Esq., as Special Master, and the other appointing a receiver of said property, fixing the value of the said real estate and its rental value. It further appears from the record that the attorney for the plaintiff served the

following notice upon the attorney for the defendant, Mrs. Marcella Avinger:

"Please take notice that at eleven o'clock in the forenoon, on Friday, June 21st, 1935, at his chambers in the town of St. Matthews, in the County of Calhoun, and in the State aforesaid, or as soon thereafter as counsel can be heard, the plaintiff will apply to Honorable M. M. Mann, Judge of the First Judicial Circuit, for an order referring the above entitled action to M. E. Zeigler, Esq., of the City of Orangeburg, S. C., as Special Master, to hear and determine the issues raised by the pleadings and report the same to this Court with all convenient speed, together with any special matter that may arise therein.

"You are further notified, that at the same time and place, the plaintiff will move before Judge Mann for an order appointing a receiver to take charge of the premises described in the complaint and collect the rents and profits therefrom, with the usual powers and duties of receivers.

"These motions will be made on the pleadings and the exhibits referred to in the pleadings and the mortgage described in the complaint."

Pursuant to this notice the attorneys in the cause appeared in St. Matthews, before his Honor, Judge M. M. Mann, in the case and after hearing argument and considering the questions presented his Honor, Judge Mann, issued an order referring the case to a Special Master, and also issued an order appointing a receiver.

In our opinion, the case was properly referred to a Referee and his Honor committed no error in denying a jury trial and in referring the case to a Referee. We have reached this conclusion after a careful consideration of the record before us. Exception 1 is, therefore, overruled. As to Exception 2, we deem it sufficient to state that under the facts presented by the record the trial Judge committed no error in not granting the order asked for to frame

issues. Exception 2 is, therefore, overruled. All exceptions are quoted above.

Exceptions 3 and 4 are overruled for the reason that the paper involved in the case specifically provided for the appointment of a receiver and the defendant was not prejudiced by the presiding Judge fixing a value of said property for the purposes of passing upon the motion for the appointment of receiver, due notice of which was given the opposite side.

Under Exception 5 the appellant charges, in effect, that the signature of the defendant was obtained to said paper by her codefendant and husband, Harvey F. Avinger, by duress and fraud and for that reason asked a reversal of the lower Court. A careful reading and study of the record in the case, including the testimony before the Special Referee, fails to convince us that the Referee committed error in finding on this issue against appellant's contention. The exception must, therefore, be overruled.

All of the exceptions are overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.