542 S.E.2d 360

Anthony L. MUNOZ and Patricia A. Munoz, Petitioners,

v.

GREEN TREE FINANCIAL CORP. a/k/a Green Tree Acceptance Corp. and Gerald Sealey d/b/a Tri–State Builders, Defendants,

of whom Green Tree Financial Corp. is Respondent.

No. 25238.

Supreme Court of South Carolina.

Heard April 6, 2000.

Decided Jan. 22, 2001.

Rehearing Denied March 7, 2001.

532

534

Mary Leigh Arnold, of Mt. Pleasant; and Bradford P. Simpson, of Suggs & Kelly Lawyers, P.A., of Columbia, for petitioners.

Herbert W. Hamilton and W. Keith Martens, both of Kennedy, Covington, Lobdell & Hickman, L.L.P., of Rock Hill, for respondent.

Helen Fennell and Danny Collins, both of Columbia, for amicus curiae South Carolina Dept. of Consumer Affairs.

John T. Moore, William C. Hubbard, and B. Rush Smith, III, all of Nelson, Mullins, Riley & Scarborough, L.L.P., of Columbia; and Alan S. Kaplinsky and Martin C. Bryce, Jr., both of Ballard, Spahr, Andrew & Ingersoll, L.L.P., of Philadelphia, for amici curiae South Carolina Bankers Assoc., American Bankers Assoc., American Financial Services Assoc., and Consumer Bankers Assoc.

Timothy Eble, of Ness, Motley, Loadholt, Richardson & Poole, of Mt. Pleasant; and Victoria Nugent and F. Paul Bland, Jr., both of Washington, D.C., for amicus curiae Trial Lawyers for Public Justice.

MOORE, Justice:

We granted a writ of certiorari to review the Court of Appeals' unpublished decision reversing the denial of a motion to compel arbitration. We affirm.

## FACTS

On December 28, 1993, petitioners (the Munozes) signed an installment contract and security agreement with Gerald Sealy (Builder) to finance home improvements in the amount of $15,000 secured by a mortgage on their home. Builder assigned the agreement the same day to respondent Green Tree Financial Corporation (Creditor).

In December 1996, the Munozes commenced this action against Creditor and Builder. The Munozes claimed they had been "grossly overcharged for materials and work performed" and alleged several causes of action including an unconscionable consumer credit transaction, violations of the South Carolina Consumer Protection Code, negligent misrepresentation, fraud, and unfair trade practices.

Creditor moved to compel arbitration pursuant to the arbitration clause in the agreement which provides:

All disputes, claims, or controversies arising from or relating to this contract or the relationships which result from this contract, or the validity of this arbitration clause or the entire contract, shall be resolved by binding arbitration by one arbitrator selected by us with consent of you. This arbitration contract is made pursuant to a transaction in interstate commerce, and *shall be governed by the Federal Arbitration Act* at 9 U.S.C. section 1.... THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY U.S. (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this contract.... Notwithstanding anything hereunto the contrary, *we retain an option to use judicial or non judicial relief to enforce a mortgage,* deed of trust, or other security agreement relating to the real property secured in a transaction underlying this arbitration agreement, or to enforce the monetary obligation secured by the real property, or to foreclose on the real property. Such judicial relief would take the form

of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the mortgage or deed of trust *shall not constitute a waiver of the right of any party to compel arbitration* regarding any other dispute or remedy subject to arbitration in this contract, *including the filing of a counterclaim in a suit brought by us pursuant to this provision.*

(underscoring added).

The trial judge found this arbitration clause was unconscionable, essentially because it was part of an adhesion contract, it lacked mutuality, and it did not comply with statutory provisions of South Carolina law specifically relating to consumer transactions and arbitration clauses. He concluded the arbitration clause was unenforceable and denied the motion to compel arbitration. Creditor appealed.

On appeal, the Court of Appeals reversed finding that a contract of adhesion is not per se unconscionable, mutuality is not required, and the Federal Arbitration Act (FAA) preempts state law because the transaction involved interstate commerce.

## ISSUES

1. Does the FAA apply? If so, what is its effect?

2. Is the arbitration clause unconscionable as an adhesion contract?

3. Is the arbitration clause invalid for lack of mutuality?

## DISCUSSION

### 1. The FAA

#### a. Does the FAA apply?

■ The trial judge ruled the arbitration agreement violated the South Carolina Uniform Arbitration Act, S.C.Code Ann. § 15–48–10 (Supp.1999).[1] The Court of Appeals reversed

---

1. This section requires notice that a·contract is subject to arbitration be "typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract."

holding the FAA applies to this agreement and therefore preempts our state Arbitration Act. The Munozes contend this was error. We disagree.

Title 9 U.S.C. § 2 of the FAA provides in pertinent part:

[A] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Unless the parties have contracted to the contrary,[2] the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction. *Allied–Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753

---

2. As the United States Supreme Court recognized in *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.,* 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989), the parties are free to enter into a contract providing for arbitration under rules established by state law rather than under rules established by the FAA. The FAA preempts state laws that invalidate the parties' agreement to arbitrate "[b]ut it does not follow that the FAA prevents the enforcement of agreements to arbitrate *under different rules than those set forth in the* [FAA] *itself." Id.* at 478, 109 S.Ct. 1248. Such a result would be inimical to the FAA's primary purpose of ensuring that arbitration agreements are enforced according to their terms. *Id.; see also Ford v. NYLCare Health Plans of the Gulf Coast, Inc.,* 141 F.3d 243 (5 th Cir.1998); *Wolsey, Ltd. v. Foodmaker, Inc.,* 144 F.3d 1205 (9 th Cir.1998); *Ackerberg v. Johnson,* 892 F.2d 1328 (8 th Cir.1989).

In *Soil Remediation Co. v. Nu–Way Envtl., Inc.,* 323 S.C. 454, 476 S.E.2d 149 (1996), we found an arbitration agreement that did not comply with the technical notice requirements of § 15–48–10(a) was nonetheless valid because the FAA included no such notice requirement. We did not address the impact of the parties' agreement that the state Arbitration Act would apply. We now clarify that the result in *Soil Remediation* hinged on the fact that application of state law would have rendered the arbitration agreement completely unenforceable under § 15–48–10(a) which provides that a contract failing to comply with statutory notice requirements shall not be subject to arbitration. State law was therefore preempted *to the extent it would have invalidated the arbitration agreement.* The parties to a contract are otherwise free to agree that our state Arbitration Act will apply and this agreement shall be enforceable even if interstate commerce is involved.

(1995); *Soil Remediation Co. v. Nu–Way Envtl., Inc.*, 323 S.C. 454, 476 S.E.2d 149 (1996).[3]

Here, the arbitration agreement, which applies to "this contract and the relationships which result from this contract," provides it shall be governed by the FAA. Arbitration agreements, like other contracts, are enforceable in accordance with their terms. *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 478, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

Further, the transaction in this case in fact involves interstate commerce. Both the Munozes and Builder are domiciled in South Carolina. Builder, however, assigned all its rights under the agreement to Creditor, a Delaware corporation with its principal place of business in Minnesota. Creditor actually prepared the agreement in Minnesota and forwarded it to Builder in South Carolina. The proceeds of the loan were disbursed from a bank in Minnesota. Although the Munozes may not have contemplated an interstate transaction, their contractual relationship with Creditor in fact involves interstate commerce and therefore the FAA applies.

### b. Effect of the FAA

General contract principles of state law apply to arbitration clauses governed by the FAA. *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 685, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996); *Allied–Bruce*, 513 U.S. at 281, 115 S.Ct. 834; *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see also Keystone, Inc. v. Triad Systems Corp.*, 292 Mont. 229, 971 P.2d 1240 (1998) (applying general state law to arbitration clause governed by FAA). State law remains applicable if that law, whether legislative or judicial, arose to govern issues concerning the validity, revocability, and enforceability of all contracts generally. *Perry v. Thomas*, 482 U.S. 483, 492 n. 9, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987). A state law that places arbitration clauses on an unequal footing with contracts generally, however, is preempted if the FAA applies. *Allied–Bruce,*

---

**3.** We overrule *Mathews v. Fluor Corp.*, 312 S.C. 404, 440 S.E.2d 880 (1994), to the extent it considered whether the parties contemplated interstate commerce as a factor in determining if the FAA applied.

513 U.S. at 281, 115 S.Ct. 834. Accordingly, our state Arbitration Act, which applies specifically and exclusively to arbitration agreements, is preempted in this case. *Soil Remediation Co. v. Nu–Way Envtl., Inc., supra.*

■ In addition to our state Arbitration Act, the Munozes assert various statutory provisions of our state Consumer Protection Code[4] invalidate the arbitration clause. We find this argument without merit.

■ Under the FAA, an arbitration clause is separable from the contract in which it is embedded and the issue of its validity is distinct from the substantive validity of the contract as a whole. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). An arbitration clause may be invalidated under a state law only if that law governs the enforceability of all contracts generally. *Perry v. Thomas, supra.* The Consumer Protection Code does not govern contracts generally but applies only to certain consumer transactions. While the requirements of the Consumer Protection Code may be raised on the merits of the contract's enforceability as a consumer credit transaction, these requirements do not apply to determine the validity of the arbitration clause itself.

Further, we quote from the United States Supreme Court's most recent decision regarding application of the FAA:

> We have ... rejected generalized attacks on arbitration that rest on suspicion of arbitration as a method of weakening the protections afforded in the substantive law to would-be complainants. . . . [E]ven claims arising under a statute designed to further important social policies may be arbitrated because so long as the prospective litigant effectively may vindicate his or her statutory cause of action in the arbitral forum, the statute serves its functions.

*Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, ——, 121 S.Ct. 513, 521, 148 L.Ed.2d 373 (2000) (internal quotations and citations omitted). Although the Supreme Court's decision involved a federal statutory claim and is not directly applicable here, we are guided by the same liberal policy favoring

---

4. S.C.Code Ann. § 37–1–101 et seq. (1989 & Supp.1999).

arbitration. Accordingly, we find the arbitration clause in this case is not invalid under our state Consumer Protection Code.

### 2. Adhesion contract

The Munozes contend the arbitration clause is unconscionable because it is part of an adhesion contract and they were not advised it was included in the contract.

Generally, an adhesion contract is a standard form contract offered on a take-it or leave-it basis with terms that are not negotiable. *Lackey v. Green Tree Fin. Corp.*, 330 S.C. 388, 498 S.E.2d 898 (Ct.App.1998). Under state law, an adhesion contract is not per se unconscionable. *Fanning v. Fritz's Pontiac–Cadillac–Buick, Inc.*, 322 S.C. 399, 472 S.E.2d 242 (1996) (unconscionability is the absence of meaningful choice on the part of one party due to one-sided contract provisions *together with* terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them); *Lackey v. Green Tree Fin. Corp.*, 330 S.C. 388, 498 S.E.2d 898 (Ct.App.1998) (fact that a contract is one of adhesion does not render it unconscionable).[5] Further, a person who can read is bound to read an agreement before signing it. *Hood v. Life & Cas. Ins. Co. of Tennessee*, 173 S.C. 139, 175 S.E. 76 (1934).[6] We find the arbitration clause is not unconscionable as an adhesion contract.

### 3. Mutuality

The Munozes contend the arbitration clause lacks mutuality and is therefore invalid because it allows Creditor to

---

**5.** Similarly, federal substantive law under the FAA holds an arbitration clause is not invalid simply because it is part of an adhesion contract. *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282 (9th Cir.1988). Inequality of bargaining power alone will not invalidate an arbitration agreement. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173 (3d Cir.1999).

**6.** This rule is consistent with federal cases holding that arbitration agreements governed by the FAA will not be set aside on the ground the arbitration clause was not noticed or explained since the party signing the agreement is presumed to have read it. *Adams v. Merrill Lynch, Pierce, Fenner & Smith*, 888 F.2d 696 (10th Cir.1989); *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282 (9th Cir.1988).

seek foreclosure on the mortgage given by the Munozes and denies the Munozes the right to litigate any counterclaim in the foreclosure action.

We find the doctrine of mutuality of remedy does not apply here. An agreement providing for arbitration does not determine the *remedy* for a breach of contract but only the *forum* in which the remedy for the breach is determined. *Ex parte McNaughton,* 728 So.2d 592, 598 (Ala.1998). The Munozes have not been deprived of a remedy—they simply must seek their remedy through arbitration rather than through the judicial system. Moreover, under state law, a lack of mutuality of remedy does not invalidate a contract. *Lackey v. Green Tree, supra.*[7]

The Munozes further complain that in light of the allegation they were unaware they were giving a mortgage on their home, it is unconscionable to compel arbitration on their claims while Creditor may pursue foreclosure in the courts. We note, however, that although the arbitration clause requires the Munozes to arbitrate any *counterclaim* they may have, there is nothing prohibiting them from litigating in court any *defense* to foreclosure which would include the alleged invalidity of their mortgage. *See, e.g., Livingston Holding Co. v. Avinger,* 183 S.C. 1, 189 S.E. 806 (1937) (defense that mortgage obtained by duress or fraud raised as defense in foreclosure action); *Whittle v. Jones,* 79 S.C. 205, 60 S.E. 522 (1908) (defense that mortgage void on ground of fraud and misrepresentation raised as defense in foreclosure action). Accordingly, we find no reason to invalidate the arbitration clause on this ground.

---

7. This rule has been adopted by the majority of courts. *See, e.g., Sablosky v. Edward S. Gordon Co.,* 73 N.Y.2d 133, 538 N.Y.S.2d 513, 535 N.E.2d 643 (1989) (collecting cases); Restatement Second of Contracts, § 363 comment c (no requirement of mutuality of remedy). Our conclusion is also consistent with federal cases holding an arbitration agreement governed by the FAA need not equally bind each party to arbitration if consideration has been given beyond the agreement to arbitrate. *Harris v. Green Tree,* 183 F.3d at 180 (holding valid exact arbitration agreement in question here); *Doctor's Assocs., Inc. v. Distajo,* 66 F.3d 438 (2d Cir.1995).

## CONCLUSION

The decision of the Court of Appeals reversing the denial of the motion to compel arbitration is

**AFFIRMED.**

TOAL, C.J., WALLER, BURNETT, JJ., and Acting Justice EDWARD B. COTTINGHAM, concur.