**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Peter T. Phillips and Summar C. Phillips, Respondents,

v.

Omega Flex, Inc., John Wieland Homes and Neighborhoods of the Carolinas, Inc., AAA Plumbing, Fogel Services, Inc., Charleston LEC, Inc., Defendants,

Of whom John Wieland Homes and Neighborhoods of the Carolinas, Inc., is the Appellant,

And Omega Flex, Inc., AAA Plumbing, Fogel Services, Inc., Charleston LEC, Inc., are the Respondents.

Appellate Case No. 2013-001449

-----

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

-----

Unpublished Opinion No. 2015-UP-300
Submitted March 1, 2015 – Filed June 24, 2015

-----

### AFFIRMED

-----

John Phillips Linton, Jr., and George Trenholm Walker, both of Pratt-Thomas Walker, PA, of Charleston, for

Appellant John Wieland Homes and Neighborhoods of the Carolinas, Inc.

Robert H. Hood, Robert H. Hood, Jr., A. Walker Barnes, and Deborah H. Sheffield, all of Hood Law Firm, LLC, of Charleston, for Respondent Omega Flex, Inc.; Everett A. Kendall, II, and James E. Cavanaugh, both of Sweeny Wingate & Barrow, PA, of Columbia, for Respondent Fogel Services, Inc.; John F. McKenzie, Amanda N. Pittman, and Robert A. McKenzie, all of McDonald, McKenzie, Rubin, Miller & Lybrand, LLP, of Columbia, for Respondents Peter T. Phillips and Summar C. Phillips; R. Patrick Flynn and Christopher M. Ramsey, both of Robertson Hollingsworth & Flynn, of Charleston, for Respondent Charleston LEC, Inc.; and Jeffrey A. Ross, of Clawson & Staubes, LLC, of Charleston, for Respondent AAA Plumbing, LLC.

---

**PER CURIAM:** Peter T. and Summar C. Phillips (the homeowners) filed this action against Omega Flex, Inc., John Wieland Homes and Neighborhoods of the Carolinas, Inc. (John Wieland), AAA Plumbing, Fogel Services, Inc., and Charleston LEC, Inc., alleging numerous causes of action arising from a fire at the homeowners' home on Daniel Island. John Wieland appeals the trial court's denial of its motion to compel arbitration, arguing the trial court erred in (1) finding the parties' agreement (the Purchase Agreement) was not governed by the Federal Arbitration Act (FAA); (2) not considering the addenda to the Purchase Agreement; (3) not finding the Purchase Agreement compelled arbitration for all claims relating to the home; and (4) not compelling the homeowners to arbitrate the claims against trade contractors. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1: As to whether the Purchase Agreement was governed by the FAA: *Bradley v. Brentwood Homes, Inc.*, 398 S.C. 447, 456, 730 S.E.2d 312, 317 (2012) ("adher[ing] to the view that the development of real estate is an inherently intrastate transaction"); *id.* at 458, 730 S.E.2d at 317-18 (noting the FAA generally does not apply to residential real estate transactions that have no substantial or direct connection to interstate commerce); *id.* at 459, 730 S.E.2d at 318 (stating if ancillary factors in the purchase agreement for a residential home, such as out-of-

state financing or a national warranty, were enough to constitute interstate commerce, "then every transaction that involved these ancillary factors would be subject to the FAA"); *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001) (stating "the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction"); *id.* at 539 n.3, 542 S.E.2d at 363 n.3 (overruling *Mathews v. Fluor Corp.*, 312 S.C. 404, 440 S.E.2d 880 (1994) to the extent it considered whether the parties contemplated interstate commerce as a factor in determining if the FAA applied).

2: As to whether the court failed to consider the addenda to the Purchase Agreement: *Bradley*, 398 S.C. at 458, 730 S.E.2d at 318 (noting the purchase agreement specifically provided for the purchase of a completed dwelling rather than for the construction of a dwelling and provisions of the agreement providing for 'New Construction,' 'House Plan,' 'Options,' and 'Color Selection' were eliminated as not applicable and were not signed by the purchaser); *Aiken v. World Fin. Corp. of S. Carolina*, 373 S.C. 144, 148, 644 S.E.2d 705, 707 (2007) (stating a circuit court's factual findings in determining whether to compel arbitration will not be reversed on appeal if any evidence reasonably supports the findings).

3: As to the remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (concluding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.