**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Angela Cartmel, Respondent,

v.

Edward Brice Taylor, Appellant.

Appellate Case No. 2016-000635

———————

Appeal From Aiken County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-046
Submitted November 1, 2017 – Filed January 31, 2018

———————

**AFFIRMED**

———————

Robert Bratton Varnado and Alexis M. Wimberly, both
of Brown & Varnado, LLC, of Mt. Pleasant, for
Appellant.

Bradford M. Owensby, of Brad Owensby Law Firm,
LLC, of Aiken, for Respondent.

———————

**PER CURIAM:** We affirm pursuant to Rule 220(b), SCACR, and the following
authorities: *Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 22, 644 S.E.2d
663, 667 (2007) ("Arbitrability determinations are subject to de novo review.
Nevertheless, a [trial] court's factual findings will not be reversed on appeal if any

evidence reasonably supports the findings."); *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language. Where the contract's language is clear and unambiguous, the language alone determines the contract's force and effect. A contract is read as a whole document so that one may not create an ambiguity by pointing out a single sentence or clause."); S.C. Code Ann. § 15-48-10(a) (2005) ("A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. Notice that a contract is subject to arbitration pursuant to this chapter shall be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and unless such notice is displayed thereon the contract shall not be subject to arbitration."); 9 U.S.C. § 2 (2009) ("A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."); *Soil Remediation Co. v. Nu-Way Envtl., Inc.*, 323 S.C. 454, 459-60, 476 S.E.2d 149, 152 (1996) (holding the Federal Arbitration Act (FAA) preempts the South Carolina Uniform Arbitration Act when the underlying transaction involves interstate commerce); *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 538-39, 542 S.E.2d 360, 363 (2001) ("Unless the parties have contracted to the contrary, the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether . . . the parties contemplated an interstate transaction."); *Bradley v. Brentwood Homes, Inc.*, 398 S.C. 447, 454, 730 S.E.2d 312, 315-16 (2012) ("[I]n order to activate the application of the FAA, the commerce involved in the contract must be interstate or foreign."); *id.* at 455, 730 S.E.2d at 316 ("To ascertain whether a transaction involves commerce within the meaning of the FAA, the court must examine the agreement, the complaint, and the surrounding facts."); *Thornton v. Trident Med. Ctr., LLC*, 357 S.C. 91, 96, 592 S.E.2d 50, 52 (Ct. App. 2003) ("Our courts consistently look to the essential character of the contract when applying the FAA."); *Bradley*, 398 S.C. at 456, 730 S.E.2d at 317 ("This court has continued to adhere to the view that the development of real estate is an inherently intrastate transaction.").

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**