# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Patricia Damico and Lenna Lucas, Individually and on behalf of all others similarly situated, Joshua and Brettany Buetow, Edward and Sylvia Dengg, Jonathan and Theresa Douglass, Anthony and Stacey Ray, Danny and Ellen Davis Morrow, Czara and Chad England, Bryan and Cynthia Camara, and Matthew Collins, Respondents,

v.

Lennar Carolinas, LLC, Spring Grove Plantation Development, Inc., Manale Landscaping, LLC, Super Concrete of SC, Inc., Southern Green, Inc. TJB Trucking/Leasing, LLC, Paragon Site Constructors, Inc., Civil Site Environmental and Rick Bryant, Individually, Defendants,

Of which Spring Grove Plantation Development, Inc., Manale Landscaping, LLC, Super Concrete of SC, Inc., Southern Green, Inc. TJB Trucking/Leasing, LLC, and Civil Site Environmental are Respondents.

And

Lennar Carolinas, LLC, Appellant,

v.

The Earthworks Group, Inc., Volkmar Consulting Services, LLC, Geometrics Consulting, LLC, Land/Site Services, Inc., Myers Landscaping, Inc., A.C. & A. Concrete, Inc., Knight's Concrete Products, Inc., Knight's Redi-Mix, Inc., Coastal Concrete Southeast, LLC, Coastal Concrete Southeast II, LLC, Guaranteed Framing, LLC, Ozzy Construction, LLC, Construction Applicators Charleston, LLC, LA New Enterprises, LLC,

Decor Corporation, DVS, Inc., Raul Martinez Masonry, LLC, Alpha Omega Construction Group, Inc., South Carolina Exteriors, LLC, Builders Firstsource-Southeast Group, LLC, and Low Country Renovations and Siding, LLP, Third-Party Defendants,

Of which Volkmar Consulting Services, LLC, Land/Site Services, Inc., Myers Landscaping, Inc., A.C. & A. Concrete, Inc., Knight's Concrete Products, Inc., Knight's Redi-Mix, Inc., Coastal Concrete Southeast, LLC, Coastal Concrete Southeast II, LLC, Guaranteed Framing, LLC, Ozzy Construction, LLC, Construction Applicators Charleston, LLC, LA New Enterprises, LLC, Decor Corporation, DVS, Inc., Raul Martinez Masonry, LLC, Alpha Omega Construction Group, Inc., South Carolina Exteriors, LLC, Builders Firstsource-Southeast Group, LLC, are also Respondents.

And

Decor Corporation, Fourth Party Plaintiff,

v.

Baranov Flooring, LLC, DJ Construction Services, LLC, Creative Wood Floors, LLC, Geraldo Cunha, Ebenezer Flooring, LLC, Emmanuel Flooring and Siding, LLC, Eusi Flooring and Covering, LLC, Nicolas Flores, Alexander Martinez, Isidru Mejia, Juan Perez, N&B Construction, LLC, Jose Dias Rodrigues, Livia Sousa, Jose Paz Castro Hernandez, Divinio Aperecido Corgosinho, Ricardo Chiche, CEBS Construction, Bayshore Siding and Flooring, Sebastio Luiz de Araujo, and John Does 1-4, Fourth-Party Defendants.

Appellate Case No. 2016-002339

_____

Appeal From Berkeley County

J. C. Nicholson, Jr., Circuit Court Judge

Opinion No. 5730
Heard February 19, 2020 – Filed June 10, 2020

**REVERSED AND REMANDED**

James Lynn Werner and Katon Edwards Dawson, Jr., both of Parker Poe Adams & Bernstein, LLP, of Columbia, and Jenna Brooke Kiziah McGee, of Parker Poe Adams & Bernstein, LLP, of Charleston, all for Appellant.

Thomas Frank Dougall, William Ansel Collins, Jr., and Michal Kalwajtys, all of Dougall & Collins, of Elgin, for Respondent Ozzy Construction, LLC.

Stephen P. Hughes, of Howell Gibson & Hughes, PA, of Beaufort, for Respondent Builders Firstsource-Southeast Group, LLC.

Steven L. Smith, Zachary James Closser, and Samuel Melvil Wheeler, all of Smith Closser, PA, of Charleston; and Rogers Edward Harrell, III, of Murphy & Grantland, PA, of Columbia, all for Respondents Knight's Concrete Products, Inc. and Knight's Redi-Mix, Inc.

Ronald G. Tate, Jr., and Robert Batten Farrar, both of Gallivan, White & Boyd, PA, of Greenville, for Respondent Volkmar Consulting Services, LLC.

Sidney Markey Stubbs, of Baker Ravenel & Bender, LLP, of Columbia, for Respondent DVS, Inc.

David Cooper Cleveland and Trey Matthew Nicolette, both of Clawson & Staubes, LLC, of Charleston, for Respondent Myers Landscaping, Inc.

John Calvin Hayes, IV, of Hayes Law Firm, LLC, Jesse Sanchez, of The Law Office of Jesse Sanchez, both of Charleston; Michael J. Jordan, of The Steinberg Law Firm, LLP, of Goose Creek; and Catherine Dunn Meehan, of The Steinberg Law Firm, LLP, of Charleston, all for Respondents Patricia Damico, Joshua Buetow, Brettany Buetow, Bryan Camara, Cynthia Camara, Matthew Collins, Ellen Davis Morrow, Jonathan Douglass, Theresa Douglass, Czara England, Chad England, Lenna Lucas, and Danny Morrow.

Brent Morris Boyd, Timothy J. Newton, and Rogers Edward Harrell, III, all of Murphy & Grantland, PA, of Columbia, for Respondents Coastal Concrete Southeast, LLC, and Coastal Concrete Southeast II, LLC.

David Shuler Black, of Howell Gibson & Hughes, PA, of Beaufort, for Respondent TJB Trucking/Leasing, LLC.

Erin DuBose Dean, of Tupper, Grimsley, Dean & Canaday, P.A., of Beaufort, for Respondents LA New Enterprises, LLC, and Raul Martinez Masonry, LLC.

Christine Companion Varnado, of Seibels Law Firm, PA, of Charleston; and Alan Ross Belcher, Jr., and Derek Michael Newberry, both of Hall Booth Smith, PC, of Mt. Pleasant, all for Respondent Guaranteed Framing, LLC.

Stephen Lynwood Brown and Catherine Holland Chase, both of Young Clement Rivers, of Charleston; and Preston Bruce Dawkins, Jr., of Aiken Bridges Elliott Tyler & Saleeby, P.A., of Florence, all for Respondent Alpha Omega Construction Group, Inc.

David Starr Cobb, of Turner Padget Graham & Laney, PA, of Charleston, and Everett Augustus Kendall, II, and Brian Lincoln Craven, both of Murphy & Grantland, PA, of Columbia, all for Respondent Construction Applicators Charleston, LLC.

Shanna Milcetich Stephens and Wade Coleman Lawrimore, both of Anderson Reynolds & Stephens, LLC, of Charleston, for Respondent A.C.& A. Concrete, Inc.

Robert Trippett Boineau, III, Heath McAlvin Stewart, III, and John Adam Ribock, all of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent Spring Grove Plantation Development, Inc.

Bachman S. Smith, IV, of Haynsworth Sinkler Boyd, PA, of Charleston, for Respondent Southern Green, Inc.

John Elliott Rogers, II, of The Ward Law Firm, PA, of Spartanburg, for Respondent Land/Site Services, Inc.

Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, PA, of Columbia, and Samia Hanafi Nettles, of Richardson Plowden & Robinson, PA, of Mt. Pleasant for Respondent Decor Corporation.

Jenny Costa Honeycutt, of Best Honeycutt, P.A., of Charleston, for Respondent South Carolina Exteriors, LLC.

Michael Edward Wright, of Robertson Hollingsworth Manos & Rahn, LLC, and Michael Wade Allen, Jr., and R. Patrick Flynn, both of Pope Flynn, LLC, all of Charleston, all for Respondent Super Concrete of SC.

Francis Heyward Grimball and James H. Elliott, Jr., both of Richardson Plowden & Robinson, PA, of Mt. Pleasant, for Respondent Manale Landscaping, LLC.

Kathy Aboe Carlsten, of Copeland, Stair, Kingma & Lovell, LLP, and Keith Emge, Jr., of Resnick & Louis, P.C., both of Charleston, for Respondent Civil Site Environmental, Inc.

————————————

**HILL, J.:** Certain homeowners in a Berkeley County development sued the general contractor Lennar Carolinas, LLC (Lennar), the developer, and various subcontractors, alleging defective construction. Lennar impleaded other subcontractors as third party defendants and moved to compel arbitration of the entire dispute. The circuit court denied the motion, finding the arbitration agreement included not just the arbitration section of the parties' sales contract but also sections from a separate warranty agreement (as well as parts of the deeds and covenants), and that the arbitration agreement was unconscionable. The circuit court further found the South Carolina Uniform Arbitration Act (SCUAA) applied, not the Federal Arbitration Act (FAA), and there had not been compliance with the SCUAA's conspicuous notice requirements. Lennar now appeals. We conclude the FAA, rather than the SCUAA, applies, and the circuit court erred in not considering the arbitration section as an independent arbitration agreement. We further hold the arbitration section constituted a valid agreement to arbitrate, which the FAA requires us to enforce.

## I.

All of the Respondent homeowners, except Lenna Lucas, purchased new homes to be constructed in the development. As part of the transaction, they signed a ten page Purchase and Sales Agreement (PA) containing an arbitration section. Lucas is the second owner of a home, but in her amended complaint, she alleges a breach of contract cause of action based upon the PA. Section 16 of the PA is entitled "Mediation/Arbitration," and begins as follows:

> The parties to this Agreement specifically agree that this transaction involves interstate commerce and that any Dispute (as hereinafter defined) shall first be submitted to mediation and, if not settled during mediation, shall thereafter be submitted to binding arbitration as provided by the Federal Arbitration Act (9 U.S.C. §§ 1 et seq.) and not by or in a court of law or equity. . . .

Due to the strong South Carolina and federal policy favoring arbitration, arbitration agreements are presumed valid. *See Cape Romain Contractors, Inc. v. Wando E., LLC*, 405 S.C. 115, 125, 747 S.E.2d 461, 466 (2013). We review circuit court determinations of arbitrability de novo but will not reverse a circuit court's factual findings reasonably supported by the evidence. *Parsons v. John Wieland Homes and Neighborhoods of the Carolinas, Inc.*, 418 S.C. 1, 6, 791 S.E.2d 128, 130 (2016).

A. Whether the FAA Applies

We first consider whether the FAA applies.  We hold it does, for two reasons.  First, the PA provides the parties "specifically agree that this transaction involves interstate commerce."  We must enforce this agreement like any other contract term. *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 539, 542 S.E.2d 360, 363–64 (2001) (finding FAA applied because parties had agreed contract involved interstate commerce).  Second, the transaction involved commerce in fact.  The FAA applies "to any arbitration agreement regarding a transaction that in fact involves interstate commerce, regardless of whether or not the parties contemplated an interstate transaction."  *Id.* at 538, 542 S.E.2d at 363.  In deciding whether a transaction involves "commerce in fact" sufficient to trigger the FAA, we examine the agreement, the complaint, and the surrounding facts.  *Towles v. United HealthCare Corp.*, 338 S.C. 29, 36, 524 S.E.2d 839, 843 (Ct. App. 1999).  The phrase "involving commerce" as used in the FAA is "the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power."  *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003).  The Commerce Clause grants Congress the power to regulate (1) the use of channels of interstate commerce, (2) instrumentalities of interstate commerce or persons or things in interstate commerce, and (3) activities having a substantial relation to interstate commerce.  *United States v. Morrison*, 529 U.S. 598, 609 (2000).

In general, the development and sale of residential real estate is an intrastate activity that does not implicate the FAA, *Bradley v. Brentwood Homes, Inc.*, 398 S.C. 447, 456, 730 S.E.2d 312, 317 (2012), but here the transaction also involved the construction of residential homes.  As *Bradley* acknowledged, "our appellate courts have consistently recognized that contracts for construction are governed by the FAA."  *Id*. at 458 n.8, 730 S.E.2d at 318 n.8; s*ee also Episcopal Hous. Corp. v. Fed. Ins. Co.*, 269 S.C. 631, 640, 239 S.E.2d 647, 652 (1977).  The affidavit of Lennar's Controller states the construction involved interstate commerce, specifically the use of out-of-state contractors and materials and equipment manufactured outside South Carolina*.  See Cape Romain Contractors*, 405 S.C. at 123, 747 S.E.2d at 465 (holding FAA applied where out of state materials used in dock construction were "instrumentalities of interstate commerce" and parties' contract specifically invoked FAA).  We hold the transaction here involved interstate commerce, and the FAA therefore applies.

B.  Whether the Arbitration Agreement is valid and enforceable

We next consider whether there was a valid arbitration agreement.  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530 (2019) ("To be sure, before referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists.").  Because an arbitration provision is often one of many provisions in a contract, the first task of a court is to separate the arbitration provision from the rest of the contract.  This may seem odd, but it is the law, known as the *Prima Paint* doctrine.  *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967) (arbitrator rather than court must decide claim that underlying contract in which arbitration provision was contained was fraudulently induced, but if fraudulent inducement claim went to the arbitration provision specifically, claim would be for court because such a claim goes to the "making" of the arbitration agreement and § 4 of the FAA requires the court to "order arbitration to proceed once it is satisfied that 'the making of the agreement for arbitration . . . is not in issue'").  Building from *Prima Paint*, the United States Supreme Court has developed a body of federal substantive law interpreting the FAA that applies in State and federal courts.  *Southland Corp. v. Keating*, 465 U.S. 1, 12 (1984).  Two of these substantive laws are central to our decision here, and they reaffirm *Prima Paint*:

> First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract.  Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance.

*Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445–46 (2006) (citation omitted); *see Munoz*, 343 S.C. at 540, 542 S.E.2d at 364 ("Under the FAA, an arbitration clause is separable from the contract in which it is embedded and the issue of its validity is distinct from the substantive validity of the contract as a whole.").

In deciding whether the parties have a valid agreement to arbitrate we must therefore isolate the arbitration clause from the rest of the contract.  If the arbitration agreement is valid, any issues as to the validity of other parts of the contract go to the arbitrator, not the court.  Accordingly, a party cannot duck arbitration unless it makes a specific, pinpoint (and successful) challenge to the validity of the arbitration provision itself; attacking the validity of the contract as a whole is not enough.  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010) ("Thus, a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate."); *S.C. Pub. Serv. Auth. v. Great W. Coal (Ky.), Inc.*, 312 S.C. 559, 562–63, 437 S.E.2d 22, 24 (1993)

("We hold a party cannot avoid arbitration through rescission of the entire contract when there is no independent challenge to the arbitration clause."). We admit this is an artificial, abstract way to view the issue, but the lens has been fixed by federal substantive law and we are not free to adjust it.

The circuit court acknowledged this lens but sought to widen the scope, bringing the multiple arbitration and warranty provisions in other documents into the frame. It then found the provisions so comingled as to be inseparable and declared all of the comingled provisions to be "the" arbitration agreement. This was not in keeping with *Prima Paint*. Nor was it, as the circuit court stated, consistent with *Smith v. D.R. Horton, Inc.*, 417 S.C. 42, 48–49, 790 S.E.2d 1, 4 (2016), where a 3-2 majority held an arbitration clause found in one subsection of a contract paragraph was so "intertwined" with other subsections of the same paragraph that the entire paragraph constituted the arbitration provision for purposes of the *Prima Paint* analysis. Unlike the contract in *D.R. Horton*, the arbitration agreement here was contained in a distinct, separate section of the PA. The circuit court's finding that the arbitration provision encompassed more than this section lacks adequate factual support. We therefore conclude the circuit court erred by considering the contract as a whole rather than, as *Prima Paint* demands, focusing only on the discrete arbitration provision. *One Belle Hall Prop. Owners Ass'n, Inc. v. Trammell Crow Residential Co.*, 418 S.C. 51, 64, 791 S.E.2d 286, 293 (Ct. App. 2016) (reversing circuit court's denial of motion to compel arbitration where circuit court violated *Prima Paint* by considering separate warranty provision as part of arbitration agreement). Because the parties' arbitration provision is valid, § 2 of the FAA requires that we enforce it.

That ends our inquiry into Lennar's motion to compel the homeowners to arbitrate. There is no need for us to consider the similar arbitration clauses found in the Lennar Warranty, the Deed and the Covenants. The PA's arbitration provision states, "All decisions respecting the arbitrability of any Dispute shall be decided by the arbitrator(s)." Whether the disputes alleged in this lawsuit are covered by the PA's arbitration provision is therefore a question the parties clearly and unmistakably delegated to the arbitrator. *Schein*, 139 S. Ct. at 530 ("Just as a court may not decide a merits question that the parties have delegated to an arbitrator, a court may not decide an arbitrability question that the parties have delegated to an arbitrator."); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (holding delegation of questions of arbitrability to arbitrator must be "clear and unmistakable").

Accordingly, we reverse the order of the circuit court denying the motion to compel arbitration. We express no view as to the validity or enforceability of other sections of the PA or any other documents at issue as those questions are for the arbitrator.

Because it appears the circuit court did not specifically rule on Lennar's motions to compel the subcontractors and the developer, Spring Grove Plantation, Inc., to arbitration, we remand those motions to the circuit court for a ruling.

**REVERSED AND REMANDED**.

**LOCKEMY, C.J., and HUFF, J., concur.**