**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Summerlake Townhomes Homeowners' Association, Inc. and Susan Hagy and Karin Fuentes, individually and on behalf of all others similarly situated, Respondents,

v.

True Homes, LLC; Carolina Development Services, LLC; Summerlake Properties, LLC; RJB Legacy Company f/k/a Barefoot & Company; BMC East, LLC; Airtron, Inc.; MPK Grading and Erosion Control, LLC; Southend Exteriors, LLC; McGee Brothers Company, Inc.; Alpha Omega Construction Group, Inc.; Pender-Pettus Insulating, Inc.; Charlotte Lanehart Electric Company, Inc.; C&C Plumbing, Inc.; Associated Materials, LLC a/k/a Alside, Inc.; T &A Excavating, LLC; Callahan Excavating, LLC a/k/a Callahan Grading & Hauling, Inc. a/k/a Callahan Grading, LLC; AHR Construction, Inc.; JJS Commercial Construction, Inc.; CDJ Construction, Inc.; Jimenez Contractors, LLC; J. Cov Roofing, LLC; Ayalas Window Installations, LLC; Atlanta Flooring Design Centers, Inc.; Pedro DeJesus Lopez d/b/a PJL Construction; and Pedro Villareal-Conception d/b/a CVP Construction, Defendants,

of which True Homes, LLC is the Appellant.

Appellate Case No. 2022-001144

———————————

Appeal From York County
William A. McKinnon, Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-256
Submitted May 1, 2024 – Filed July 17, 2024

**AFFIRMED**

Brian Eric Wolfe, Joshua Robert Hinson, and Robert Curtis Gunst, Jr., all of Wolfe, Gunst & Hinson, PLLC, of Charlotte, North Carolina, for Appellant.

Frederick Elliotte Quinn, IV and Rachel Igdal, both of The Steinberg Law Firm, LLP, of Charleston, for Respondents.

**PER CURIAM:** This dispute involves the construction and sale of townhomes in the Summerlake community (Summerlake) in York County. True Homes, LLC (Developer) is a residential homebuilder constructing homes within North and South Carolina. Developer acts as the general contractor for its projects and employs subcontractors to complete the work necessary for each project. In November 2020, the Summerlake Townhomes Homeowners' Association, Inc. (the Association), Karin Fuentes, and Susan Hagy (collectively, Respondents) filed a construction defect action against Developer.[1] Developer filed a motion to stay and compel arbitration of Hagy's and Fuentes's claims, alleging the purchase agreements between Developer and the individual property owners contained an arbitration clause. Fuentes is the original purchaser of his townhome, and Hagy is a subsequent purchaser of her townhome; therefore, the purchase agreement for Hagy's townhome was between Summerlake and Hagy's predecessor-in-title. The circuit court issued an order denying Developer's motion to compel arbitration. Developer now appeals, arguing the circuit court erred in denying its motion to stay and compel arbitration of Fuentes's claims.[2] We affirm.

---

[1] Fuentes and Hagy brought claims individually as property owners within Summerlake and on behalf of a class of similarly situated property owners.

[2] In its motion to the circuit court, Developer did not seek to compel the claims of the Association, only those of Fuentes and Hagy. On appeal, Developer only challenges the circuit court's holdings as to Fuentes's claims.

In its order denying Developer's motion, the circuit court held the arbitration clause within the purchase agreements was unenforceable against Hagy because Hagy was not a party to the original contract. The court further found Developer failed to meet the requirements to compel Hagy's claims through the direct benefits estoppel exception. Notwithstanding Developer's inability to bind Hagy as a subsequent purchaser, the circuit court additionally held the arbitration provision was unenforceable against Fuentes and Hagy because the Federal Arbitration Act (the FAA)[3] did not apply to the purchase agreements used by Developer and the clause failed to meet the notice requirements of the South Carolina Uniform Arbitration Act (SCUAA).[4, 5]

In its appellate brief, Developer solely raises the circuit court's holdings as to Fuentes's claims, noting it chose not to challenge the court's holding that Developer could not compel a non-signatory party's, Hagy, claims to arbitration. However, the circuit court also found the purchase agreements did not implicate interstate commerce and therefore the FAA did not apply. Because Developer does not appeal this alternate ruling on Hagy's claims, the law of the case is that Developer's purchase agreement is a contract involving *intrastate* commerce. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Ross v. Med. Univ. of S.C.*, 328 S.C. 51, 62, 492 S.E.2d 62, 68 (1997) ("The law of the case applies both to those issues explicitly decided and to those issues which were necessarily decided in the former case."); *see also Hudson ex rel. Hudson v. Lancaster Convalescent Ctr.*, 407 S.C. 112, 119, 754 S.E.2d 486, 490 (2014) ("Under the law of the case doctrine, a party is precluded from re-litigating issues decided in a lower court order, when the party voluntarily abandons its appeal of that order."); *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 538, 542 S.E.2d 360, 363 (2001) ("Unless the parties have contracted to the contrary, the FAA applies in federal or state court to any arbitration agreement regarding a transaction that in fact involves *interstate* commerce, regardless of whether or not the parties contemplated an interstate transaction." (emphasis added) (footnote omitted)). Therefore, Developer is foreclosed from effectively raising the arbitration clause's compliance with the FAA, which preempts the SCUAA. Consequently, Developer can only challenge the enforceability of the arbitration clause under the SCUAA.

---

[3] 9 U.S.C. §§ 1–14.
[4] S.C. Code Ann. §§ 15-48-10 to -240 (2005).
[5] The circuit court declined to address Developer's remaining arguments as to the enforceability of the arbitration clause.

Following our review of the purchase agreement, we agree with the circuit court that the arbitration clause fails to comply with the notice requirements of the SCUAA. *See Berry v. Spang*, 433 S.C. 1, 9, 855 S.E.2d 309, 314 (Ct. App. 2021) ("Appeal from the denial of a motion to compel arbitration is subject to de novo review." (quoting *New Hope Missionary Baptist Church v. Paragon Builders*, 379 S.C. 620, 625, 667 S.E.2d 1, 3 (Ct. App. 2008))); S.C. Code Ann. § 15-48-10(a) ("Notice that a contract is subject to arbitration pursuant to this chapter *shall* be typed in underlined capital letters, or rubber-stamped prominently, on the first page of the contract and *unless such notice is displayed thereon the contract shall not be subject to arbitration*." (emphases added)).  In its motion to compel arbitration, Developer admitted it uses "a standard purchase agreement" for the sale of "homes to members of the public."  The arbitration provision is on the second page of the purchase agreement and is contained within paragraph twenty-three of the terms and conditions.  The paragraph is entitled "Warranty Policy and Dispute Resolution."  The first page of the purchase agreement fails to provide notice of an arbitration provision, and although the language of the clause is in capital letters, it is not underlined.  Accordingly, the circuit court properly denied Developer's motion to compel arbitration.  *See id.* (providing that unless the arbitration provision complies with the notice requirements stated therein, "the contract shall not be subject to arbitration").

Based on the foregoing, the order of the circuit court is

**AFFIRMED.**[6]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[6] We decide this case without oral argument pursuant to Rule 215, SCACR.